NATIONWIDE INSURANCE COMPANY, Plaintiff,

v.

Richard KING and Diane King, Defendants.

Richard KING and Diane King, Counterclaimants,

v.

NATIONWIDE INSURANCE COMPANY, Counterdefendants.

Civ. No. 86–2148–E.

United States District Court, S.D. California.

Aug. 28, 1987.

George Vujovich, Carl Klunder, of Ramsay, Johnson & Klunder, Irvine, Cal., for plaintiff.

John F. Distel, San Diego, Cal., for defendants.

## MEMORANDUM DECISION

ENRIGHT, District Judge.

### BACKGROUND

Nationwide filed this declaratory relief action against its insureds, Richard and Diane King. Nationwide asserts that the homeowners' policy that it issued to the Kings does not encompass the duty to defend or indemnify them in an underlying state court action.

The underlying state court action concerns an air-conditioner. In 1983, the Kings purchased a condominium in the Villa Dominique Townhomes development, which is governed by the Villa Dominique Townhomes Association (hereinafter "Association"). A number of covenants, conditions and restrictions apply to the condominium owners, including the obligation to obtain permission from the Architectural Committee before making changes to the exterior of the structure, and to contain all noise within the condominium unit.

In June 1985, the Kings installed an air-conditioner in their front window. The Association objected and the Kings, allegedly with the agreement of the Architectural Committee, moved the air-conditioner to a side window. This arrangement, however, failed to satisfy the Association and they continued to demand removal. Finally, when the Kings refused to remove the air-conditioner, the Association filed suit in the San Diego County Superior Court.

Apparently the Kings requested Nationwide to defend them against the Association's state court action and Nationwide refused. Nationwide filed this action for declaratory relief on October 26, 1986.

The Association's complaint against the Kings in Superior Court demanded only equitable relief, specifically requesting an "injunction and declaratory relief from violations of covenants, conditions and restrictions." Exhibit A to Opposition.

On August 17, 1987, the Superior Court filed an Order signed by Judge G. Dennis Adams holding that the relevant language in the covenants, conditions and restrictions was ambiguous. The Order further held that prohibiting placement of the air-conditioner in the front window was a reasonable exercise of the covenants, conditions and restrictions, but that "the refusal to allow the homeowner to place the window air conditioner on the side of the property was not." Exhibit F to Reply Brief. In addition, the Superior Court ordered both parties to bear their own costs.

Clearly, the Order that was entered in the underlying action is limited to equitable relief and has no provision whatsoever for damages against the Kings. Nor were costs assessed against the Kings.

### DISCUSSION

Nationwide issued a policy to the Kings covering "Personal Liability." The policy states: "We will pay *damages* the insured is legally obligated to pay due to an *occur-*

*rence."* (emphasis added). In addition, the policy provides: "We will provide a defense at our expense by counsel of our choice. We may investigate and settle any claim or suit." Exhibit A to Memorandum in Support at 12.[1]

The policy defines an "occurrence" as "bodily injury or property damage resulting from: (a) one accident; or (b) continuous or repeated exposure to the same general condition." Exhibit A at 3. Bodily injury and property damage are also defined. In addition, the policy expressly excludes personal liability "which is expected or intended by the insured." Exhibit A at 12.

Nationwide moves for summary judgment as to both of the causes of action in its complaint on four grounds: (1) the underlying state court action does not seek "damages"; (2) the underlying action does not arise from an "occurrence" in that it does not claim "bodily injury or property damage," and in that (3) it does not arise from an "accident"; and (4) the Kings expected and intended the underlying action once they failed to remove the air-conditioner.

For the following reasons, judgment in favor of Nationwide is compelled on the first ground and it is not necessary to address the remaining grounds asserted.

This court recognizes that under California law the duty to defend is far-reaching. In *Gray v. Zurich Insurance Co.,* 65 Cal. 2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966), the California Supreme Court held that the duty to defend is broader than the duty to indemnify. Defense must be tendered "whenever [the insurer] *ascertains facts* which give rise to the potential of liability under the policy." *Id.* at 276–77, 54 Cal.Rptr. 104, 419 P.2d 168. (emphasis added). It is not necessary for the allegations giving rise to the potential of liability to be contained in the specific legal theories advanced in the complaint. *See CNA Cas-*

*ualty of California v. Seaboard Surety Co.,* 176 Cal.App.3d 598, 222 Cal.Rptr. 276 (1986) (antitrust claim in underlying complaint was barred but factual allegations arguably raised liability on other grounds and duty to defend rested on the *facts* alleged rather than the formal legal theory of liability).

The California Court of Appeal recently clarified that:

> the duty to defend derives from the insurer's coverage obligations assumed under the insurance contract. That is only to say where there is *no potential* for coverage, there is no duty to defend.

*Jaffe v. Cranford Insurance Co.,* 168 Cal. App.3d 930, 214 Cal.Rptr. 567 (1985). In *Jaffe,* a doctor was criminally prosecuted for Medi–Cal fraud and theft. He sought coverage for his criminal defense from his medical malpractice carrier arguing implicitly that his insurer was potentially liable for any monetary reimbursement sought by the Attorney General. The court rejected this argument stating: "Such a contention interprets the term 'damages' ... far too broadly. 'Damages' describes a payment made to compensate a party for injuries...." *Id.* at 935, 214 Cal.Rptr. 567. Finding that criminal fines were restitutionary rather than compensatory, the court held that there was no duty to defend. The court summarized that

> [i]n effect, Jaffe attempts to convert his malpractice policy into an insurance policy for comprehensive legal services. The policy clearly indicates this was not the intent of the parties at the time the insurance contract was entered into. Read in proper context, Clause (4) does no more than incorporate the *Gray v. Zurich* duty to defend concept into the policy. As we have explained, that concept applies only where there is potential coverage under the policy. We will not rewrite the policy to fasten on the insurer liability it did not assume and which the

---

1. The Kings argue that these two provisions may be read separately and independently so that Nationwide's duty to provide a defense extends to every suit or action, regardless of whether it seeks damages or arises from an

occurrence. Presumably, such coverage would extend to a divorce action, or business problems. The policy is not that broad and the two provisions are not independent.

insured could not reasonably expect existed.

*Id.* at 936, 214 Cal.Rptr. 567.

Nationwide argues that there is no *potential* coverage based on the Association's action against the Kings because the action seeks only equitable relief; no compensatory damages are requested. In support, Nationwide submitted a declaration recounting a conversation with counsel for the Association, deposition testimony by Mr. King, a statement of uncontroverted facts, the allegations in the underlying complaint and, most importantly, the Order of the Superior Court granting injunctive relief only.

In opposition, the Kings assert that (1) a court sitting in equity has the power to award damages and on the facts alleged in the complaint, (2) individuals could intervene to seek damages or (3) a judgment against them in equity could be *res judicata* in any subsequent action for damages. Thus, the Kings surmise that potential liability in damages arises from the factual allegations in the complaint.

However, the Superior Court's Order moots the Kings' argument. Clearly, there can be no intervenors adding damages as an element of the claim at this point and the Superior Court did not exercise its inherent power to award damages as well as injunctive relief. The argument that the Superior Court Order may be *res judicata* in future actions for damages is also without merit. The Order supported the Kings' position. The state court permitted the Kings to retain their air-conditioner in the side window. Thus, unless they violate the Order, it cannot prejudice the Kings in any future legal actions. In addition, the Order would not be *res judicata* against other parties not present in the underlying action.

Finally, the parties dispute whether the potential award of attorney's fees in conjunction with the equitable relief constitutes damages. Each side was ordered to bear their own costs and this question does not appear to be in issue.

Nationwide did not intend to include actions against the insureds for injunctive relief within its coverage. Thus, because the underlying action seeks and resulted in *only* equitable relief and Nationwide's policy expressly limits coverage to damages, the motion for summary judgment in favor of Nationwide must be granted.

## CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth herein, this court hereby grants Nationwide's motion for summary judgment as to all counts in the complaint and judgment shall be entered accordingly.