*404
 
 Opinion
 

 GILBERT, J.
 

 Police from the City of San Buenaventura (City) arrest the driver of a van for driving under the influence. The police call the van’s owner, who authorizes the passenger to take the van. The police release the van to the passenger who drives away and gets in an accident, injuring a third party. The victim sues the City, claiming the police were negligent in allowing the passenger to drive the van.
 

 Is the City covered under the van owner’s insurance policy? No. We affirm the trial court’s decision that the City is not covered and that neither the “permissive use” provision nor the “legally responsible for the use” provision of the policy applies.
 

 Facts
 

 The Allianz Insurance Company issued a “Business Auto Policy” to M.G. Poulos for his van. On January 29, 1982, Poulos loaned his van to Steven Rodriguez. Rodriguez was driving the van and Steven Lomelin was a passenger when the van was involved in an accident. The police arrested Rodriguez for driving while intoxicated.
 

 Police officers telephoned Poulos to find out whether Rodriguez was driving the van with permission, and whether Poulos would approve of them turning the van over to Lomelin. Poulos told them that Rodriguez had his permission and that Lomelin could take the van. The police gave Lomelin a field sobriety test, and determined he was not under the influence of alcohol. They released the van to him. A short time later Lomelin was in an accident that caused serious injuries to Diane Bennett.
 

 Bennett sued Poulos, Rodriguez, Lomelin, the City and the police officers. Poulos, Rodriguez and Lomelin settled. Bennett’s suit against the City was based on a theory of negligent entrustment. In the attachment to her judicial council form complaint she alleged the police officers negligently investigated and administered filed sobriety tests to Lomelin and negligently allowed Lomelin to take the van even though he was intoxicated, an unlicensed driver and subject to arrest because of a warrant from another county.
 

 The City tendered the suit to Allianz for defense and indemnity, claiming coverage under clauses naming as “additional insureds” a permissive user and anyone liable for the conduct of an insured. Allianz rejected the tender, claiming it had no liability to the City under the policy.
 

 Bennett’s case against the City went to a jury trial. In special interrogatories the jury found that Lomelin was under the influence of alcohol at the
 
 *405
 
 time of the first accident when Rodriguez was arrested, but that at the time of the first accident the police did not know nor should they have known that Lomelin was under the influence. Despite the special findings the jury awarded $317,000 against the City and $9,000 against each of two police officers. Eventually the City paid Bennett $150,000 in settlement. The City initiated the instant action against Allianz, seeking to recover the amount paid in settlement and fees spent in its defense. After a bench trial on stipulated facts the court found Allianz had no duty to the City and entered judgment for Allianz.
 

 Discussion
 

 The Allianz policy provided that in addition to the named insured:
 

 “2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow ....
 

 “3. Anyone liable for the conduct of an insured described above is an insured but only to the extent of that liability.”
 

 That policy provisions are pursuant to Insurance Code
 
 [1]
 
 section 11580.1, subdivision (b)(4) which requires automobile policies to cover permissive use and persons “legally responsible for the use of” a covered automobile.
 

 Section 11580.06, subdivision (g),
 
 [2]
 
 defines “use.” It provides:
 

 “(g) The term ‘use’ when applied to a motor vehicle shall only mean operating, maintaining, loading, or unloading a motor vehicle.”
 

 Section 11580.06, subdivision (f)
 
 [2]
 
 defines “operating.” It provides:
 

 “(f) The term ‘operated by’ or ‘when operating’ shall be conclusively presumed to describe the conduct of the person sitting immediately behind the steering controls of the motor vehicle The person shall be conclusively presumed to be the sole operator of the motor vehicle.”
 

 Here the police did not use the van. They did not operate, maintain, load or unload it. Nor did the police have permission to use the van. Lomelin
 
 *406
 
 was the permissive user, not the police. That the police may have had a number of options for disposing of the van, such as having it towed or leaving it parked on the side of the road, did not make them permissive users. The existence of such options arose from their authority as peace officers and not from the permission of the van’s owner.
 

 The City next contends that even if it was not covered under Poulos’s policy as a permissive user, it was covered as a party liable for the conduct of an insured. It argues that Lomelin was an insured in his capacity as a permissive user, and that under the theory of “negligent entrustment” the City was held liable for Lomelin’s conduct.
 

 The City relies on
 
 Ohio Farmers Indem. Co.
 
 v.
 
 Interinsurance Exchange
 
 (1968) 266 Cal.App.2d 772 [72 Cal.Rptr. 269]. There Mrs. Place was insured with a policy that covered anyone legally responsible for the use of her car. Place brought her car for repair to Johnson who agreed to deliver the automobile to Place after the work was done. Johnson assigned the delivery task to an employee, Hill, even though Johnson knew Hill suffered from epileptic seizures. Hill had a seizure while driving Place’s car and caused an accident. Johnson was sued and found liable. The court held that Johnson was covered under Place’s policy because, for one reason, Johnson was legally responsible for the use of the car under the theory of negligent entrustment.
 
 (Id.
 
 at pp. 775-776.)
 

 But Johnson’s liability arose from his negligent assignment of Hill as a driver. (266 Cal.App.2d at p. 774.) Here the police did not assign Lomelin to drive the van, Poulos did. In fact, under the stipulated facts, the police would not have allowed Lomelin to drive the van but for Poulos’s consent. The police had no authorization from Poulos to drive the van themselves or to choose another driver. At best the police had the power as peace officers to prevent Lomelin from driving. The failure of the police to exercise their powers as peace officers did not amount to an entrustment of the van to Lomelin. That the complaint is labeled “negligent entrustment” does not make it so.
 

 It is true that the duty to defend is broader than the duty to indemnify, and that an insurer has a duty to defend whenever it ascertains facts which give rise to potential liability under the policy.
 
 (Gray
 
 v.
 
 Zurich Insurance Co.
 
 (1966) 65 Cal.2d 263, 276-277 [54 Cal.Rptr. 104, 419 P.22d 168].) But here there were no facts giving rise to potential liability under the policy.
 

 Nor is there merit to the City’s contention that Allianz is estopped to deny coverage by the jury’s findings in Bennett’s case against the City. The
 
 *407
 
 City relies on
 
 Geddes & Smith, Inc.
 
 v.
 
 St. Paul Mercury Indemnity Co.
 
 (1959) 51 Cal.2d 558, 561 [334 P.2d 881], for the proposition that an insurer who refuses defense on the ground that the claim is not within policy coverage is bound by all material findings of fact essential to the judgment of liability against the insured. Here the parties stipulated to the material facts in Bennett’s case. The facts do not show a basis for coverage under the Allianz policy. We need not concern ourselves with the mystery of how the jury found the City liable.
 

 The judgment is affirmed. Costs are awarded to respondent.
 

 Stone (S. J.), P. J., and Yegan, J., concurred.
 

 Appellants’ petition for review by the Supreme Court was denied November 25, 1992.
 

 [1]
 

 All statutory references are to the Insurance Code unless otherwise stated.
 

 [2]
 

 Although section 11580.06 had not been enacted at the time of the instant accident, the statute was a clarification of existing law and applies to accidents occurring before its enactment.
 
 (Ohio Farmers Ins. Co.
 
 v.
 
 Quin
 
 (1988) 198 Cal.App.3d 1338, 1349 [244 Cal.Rptr. 359].)