[No. B063712. Second Dist., Div. Four. Sept. 29, 1993.]

ANTHONY CHARLES AMATO et al., Plaintiffs and Appellants, v. MERCURY CASUALTY COMPANY, Defendant and Appellant.

COUNSEL

Kinkle, Rodiger & Spriggs and Guillermo W. Schnaider for Defendant and Appellant.

Curtis L. Gemmil and Jerry L. Rowley for Plaintiffs and Appellants.

OPINION

WOODS (A. M.), P. J.—Appellant Mercury Casualty Company issued an auto policy which covered a Renault automobile. The policy stated that it did not provide liability coverage for bodily injury sustained by an insured. The policy defined insureds to include permissive users of an owned automobile and resident relatives of permissive users, including those related by marriage. Cross-appellant Anthony Charles Amato negligently caused an accident while driving the Renault with the permission of its owner. The accident injured his mother-in-law, cross-appellant Jacqueline Sutton, who was a passenger in the Renault. She sued Amato, and Amato requested appellant to defend him. Appellant denied the request on the ground that the policy did not cover Sutton's claim because she was the resident relative of Amato. At the time of this denial appellant was aware of facts which, if true, indicated that Amato was not residing with Sutton.

After resolution of the underlying case in Sutton's favor, Amato and Sutton filed this action for bad faith breach of insurance contract against appellant. A jury found that Sutton was residing with Amato at the time of the accident. The trial court nonetheless found that appellant breached its duty to defend Amato pursuant to two well-established rules of law: (1) the rule that an insurer must defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 277 [54 Cal.Rptr. 104, 419 P.2d 168]), and (2) the rule that the duty to defend is determined by the information possessed by the insurer at the time it refuses to defend, not by information subsequently obtained. (*CNA Casualty of California* v. *Seaboard Surety Co.* (1986) 176 Cal.App.3d 598, 605 [222 Cal.Rptr. 276]; *Mullen* v. *Glens Falls Ins. Co.* (1977) 73 Cal.App.3d 163, 173 [140 Cal.Rptr. 605].)

Appellant contends in this appeal that the former rule does not apply under the facts of this case. Alternatively, appellant contends the trial court erred in awarding damages in the amount of the judgment in the underlying suit.

In a cross-appeal, Amato and Sutton contend the trial court improperly instructed the jury on the meaning of "residence," erred in precluding evidence on the issue of punitive damages, and erred in concluding the policy was not ambiguous. Additionally, cross-appellants contend that the exclusionary clause upon which appellant based its refusal to defend is unenforceable due to overbreadth.

After review, we conclude the rule of *Gray* v. *Zurich Insurance Co.* applies to this case and supports the trial court's conclusion that appellant breached its duty to defend Amato, but that the damages for this breach are limited to the cost of defense of the underlying case. We are unable to address most of the issues raised in the cross-appeal due to the inadequacy of the record. We conclude, however, that the trial court properly found no ambiguity in the policy language. Therefore, we remand for further proceedings on the issue of damages, and in all other respects, affirm.

## FACTS[1]

On July 25, 1987, cross-appellant Anthony Charles Amato negligently caused an accident while driving his sister-in-law's Renault with her permission. Amato's passenger, his mother-in-law, cross-appellant Jacqueline Jean Sutton, was injured in the accident.

Within one week of the accident, Amato filed an official change of address with the Department of Motor Vehicles (DMV) indicating that he had moved from the Sutton residence to the address of his parents. Appellant attempted to contact Amato at the Sutton residence after the accident, but was told that Amato did not reside at that address and merely received his mail there.

On July 25, 1988, Amato requested a defense of appellant in the action brought against him by Sutton. Appellant refused, invoking the "resident

---

[1]The parties to this appeal have elected to proceed upon a partial transcript. It appears from the limited record before us that only one issue of fact was submitted to the jury and all remaining issues were decided by the court. It also appears that the parties stipulated to certain facts, but that these facts were supplemented by evidence and trial briefs. The only portion of the evidence which the parties have seen fit to share with us are the stipulated facts. We have not even been provided with a complete copy of the applicable insurance policy; we have before us only the standard provisions of that policy. Our statement of facts has been gleaned from the allegations of the complaint, the stipulated facts, representations of counsel and the trial court's written decision.

relative" exclusion. At the time of this refusal, appellant possessed information which, if true, indicated that Amato was residing at locations other than the home of Sutton at the time of the accident. Although appellant had no actual knowledge of the change of address submitted to the DMV, reasonable investigation would have discovered this information.

Sutton twice offered to settle with appellant for policy limits, but appellant refused, even though it was aware that her damages exceeded the policy limits of $15,000. "After hearing the evidence" in the underlying action, a "Judgment by Court After Default" was entered against Amato in the sum of $165,750 plus costs of $156.

The jury in this case found that Sutton was residing with Amato at the time of the accident. The trial court nonetheless found that appellant breached its duty to defend Amato in light of the facts known to it at the time. The trial court reasoned that appellant was precluded from relying either on subsequently discovered facts or the jury's ultimate vindication of appellant's belief that Amato resided with Sutton. Appellant's refusal to defend was found to constitute a nonmalicious breach of the covenant of good faith and fair dealing implied by law in every insurance contract.

The trial court found that the measure of damages was all detriment proximately caused by the breach of the duty to defend. The court awarded damages in an amount equal to the amount of the judgment entered against Amato in the underlying case, including costs and postjudgment interest.

I

We first address appellant's contention that the rule requiring an insurer to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy does not apply in this case. That rule was announced in *Gray* v. *Zurich Insurance Co., supra,* 65 Cal.2d 263, in which an insured was sued for assault and battery. He notified his insurance carrier that he had been sued and that he had acted in self-defense. The insurer refused his request for a defense on the ground that the policy did not cover intentional torts. Judgment in the underlying suit was entered against the insured, who thereafter sued the insurer for breach of duty to defend. The insurer prevailed in the trial court, but the California Supreme Court reversed, finding the policy provisions defining the obligation to defend to be "uncertain and undefined," and holding that the obligation to defend was independent of the obligation to indemnify. (65 Cal.2d at p. 274.) The court explained: "Since the instant action presented the potentiality of a judgment based upon nonintentional conduct, and since liability for

such conduct would fall within the indemnification coverage, the duty to defend became manifest at the outset. [¶] . . . [¶] . . . [T]he duty to defend should be fixed by the facts which the insurer learns from the complaint, the insured, and other sources. An insurer, therefore, bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." (65 Cal.2d at pp. 276-277.)

In the more than 25 years since *Gray* was decided, the standard which it established has been consistently applied in cases where the insurer denies a request for defense on the ground that the policy provides no coverage for the claim. As might be expected, the cases discussing the issue have arisen in a variety of factual circumstances. In some cases the request for defense is made by a named insured (see, e.g., *National Auto. & Casualty Ins. Co.* v. *Stewart* (1990) 223 Cal.App.3d 452, 456 [272 Cal.Rptr. 625]; *Fazzino* v. *Insurance Co. of North Amer.* (1957) 152 Cal.App.2d 304, 309 [313 P.2d 178]); in others by an additional insured. (See, e.g., *State Farm Fire & Cas. Co.* v. *Alstadt* (1980) 113 Cal.App.3d 33, 35 [169 Cal.Rptr. 593]; *Wint* v. *Fidelity & Casualty Co.* (1973) 9 Cal.3d 257, 265 [107 Cal.Rptr. 175, 507 P.2d 1383, 90 A.L.R.3d 1185].) Sometimes the issue of coverage turns, as it did in *Gray*, on whether the occurrence in question is covered under policy terms. (See, e.g., *Republic Indemnity Co.* v. *Superior Court* (1990) 224 Cal.App.3d 492, 495 [273 Cal.Rptr. 331] *Fire Ins. Exchange* v. *Jiminez* (1986) 184 Cal.App.3d 437, 442 [229 Cal.Rptr. 83].) In other cases, the question of coverage turns on possible legal theories of liability (see, e.g., *CNA Casualty of California* v. *Seaboard Surety Co., supra*, 176 Cal.App.3d at pp. 608-609 [no coverage for antitrust claim, but factual allegations raised possibility of other theories of recovery]), or the type of damages sought. (See *Nationwide Insurance Company* v. *King* (S.D.Cal. 1987) 673 F.Supp. 384, 387 [no potential for coverage where policy covered "damages" and superior court limited recovery to injunctive relief only].) In all such cases, however, the duty to defend exists unless there is no potential for coverage under the policy. (*Devin* v. *United Services Auto. Assn.* (1992) 6 Cal.App.4th 1149, 1157 [8 Cal.Rptr.2d 263].) Thus, the duty to defend may exist even where coverage is questionable and ultimately found lacking (*Saylin* v. *California Ins. Guarantee Assn.* (1986) 179 Cal.App.3d 256, 263 [224 Cal.Rptr. 493]), and any doubt must be resolved in favor of the insured (*Eichler Homes, Inc.* v. *Underwriters at Lloyd's, London* (1965) 238 Cal.App.2d 532, 538 [47 Cal.Rptr. 843]; *CNA Casualty of California* v. *Seaboard Surety Co., supra*, 176 Cal.App.3d at p. 607). In fact, the California Supreme Court has recently stated that the existence of a disputed fact determinative of coverage, *establishes* the duty to defend. (*Horace Mann Ins. Co.* v. *Barbara B.* (1993) 4 Cal.4th 1076, 1081, 1085 [17 Cal.Rptr.2d 210, 846 P.2d 792].)

Despite this considerable body of law appellant claims that the rule should not be applied in this case because the question of whether Sutton's claim was covered under the policy turned upon resolution of a factual issue (i.e., whether she and Amato resided together at the time of the accident) which was independent of and extraneous to the issues involved in the underlying tort action.

Appellant cites no authority in support of this contention, and our extensive research has uncovered none. It has, however, revealed cases in which the ability to resolve the coverage issue independent of the facts of the underlying case played no part in the duty-to-defend analysis. For example, in *Samson* v. *Transamerica Ins. Co.* (1981) 30 Cal.3d 220 [178 Cal.Rptr. 343, 636 P.2d 32], coverage turned on whether the pickup truck driven by an insured at the time of a serious accident was a vehicle for which a Public Utilities Commission permit had been issued. The facts upon which this determination depended were irrelevant to resolution of the personal injury action. Nonetheless, the reviewing court applied the rule of *Gray* v. *Zurich Insurance Co., supra,* 65 Cal.2d 263, explaining that "[t]he insurance company's obligation to defend arises when it is informed of the accident and learns of even the potential for liability under its policy. [Citations.]" (*Samson* v. *Transamerica Ins. Co., supra,* at p. 239.)

Similarly, in *State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co.* (1970) 9 Cal.App.3d 508 [88 Cal.Rptr. 246], an insurer denied coverage on the ground that the vehicle driven by its insured at the time of an accident was not a temporary substitute for a covered vehicle within the terms of the policy. The evidence showed that the insured had illegally removed the license plates and registration slip from a covered vehicle and put them on a newly purchased vehicle. He did not inform his insurer of the purchase because he believed he had 30 days to do so. The day after the accident, he informed his insurer that the truck he had bought two weeks earlier had been involved in an accident. All of these facts were extraneous to the issue of liability in the underlying accident. Without mention of this fact, however, the reviewing court applied the rule of *Gray* v. *Zurich Insurance Co., supra,* explaining: "If the [insurer's] disclaimer was motivated by the switch in license plates, it had an irrelevant basis; if by Allstate's ex parte opinion that the Dodge was not a temporary substitute, the disclaimer ignored known facts creating a potential of coverage. The poential, if not the reality, is demonstrated by the trial court's findings as sustained by this court." (*State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co., supra,* at p. 527.)

The clear implication of such cases is that although a coverage dispute is capable of being resolved without reference to the facts of the underlying

tort case, this fact does not permit an insurer to avoid its duty to defend where the facts determinative of coverage are disputed.

Appellant argues that an insured should not be allowed to create a duty to defend merely by communicating "facts and information to the insurer which, if true, would establish the existence of coverage" because the possibility exists that the insured could be lying.[2] If an insured has such power, appellant argues, the insurer is denied the "option of 'acting at its own risk.'" (See, e.g., *State Farm Mut. Auto. Ins. Co.* v. *Flynt* (1971) 17 Cal.App.3d 538, 548 [95 Cal.Rptr. 296].)

Human nature being what it is, we have no doubt that insureds sometimes lie to their carriers and vice versa. This possibility does not provide sufficient reason to overturn the rule of *Gray* and its progeny, especially when consideration is given to the vast investigative resources of insurance companies and the variety of procedural options available to them when presented with a demand for defense. ■ An insurer may defend the action with a reservation of rights (see *State Farm Mut. Auto. Ins. Co.* v. *Jacober* (1973) 10 Cal.3d 193, 197 [110 Cal.Rptr. 1, 514 P.2d 953]),[3] it may file a separate declaratory relief action (see *State Farm Mutual Auto. Ins. Co.* v. *Ammar* (1981) 126 Cal.App.3d 837 [179 Cal.Rptr. 146] [no duty to defend negligent driver-mother from claims brought by her passenger-children due to resident relative exclusion]), it may file a cross-complaint for declaratory relief in the personal injury action (see *R. J. Reynolds Co.* v. *California Ins. Guarantee Assn.* (1991) 235 Cal.App.3d 595, 599 [1 Cal.Rptr.2d 405]), it may deny the request for defense with the promise to reimburse the insured if, upon investigation, it determines a defense is owed (see *Dykstra* v. *Foremost Ins. Co.* (1993) 14 Cal.App.4th 361, 364 [17 Cal.Rptr.2d 543]), or it may simply deny the request and take its chance that the trier of fact in an action alleging bad faith breach of the contractual duty to defend will agree that no defense was owed (see *City of San Buenaventura* v. *Allianz Ins. Co.* (1992) 9 Cal.App.4th 402, 406 [11 Cal.Rptr.2d 742]).

As appellant's counsel pointed out at oral argument, if appellant had brought a declaratory relief action as soon as it learned that Amato was claiming he did not live with Sutton, and if that case had been resolved in its

---

[2]Appellant asserts that the jury disbelieved Mr. Amato's testimony as to where he resided at the time of the accident. Since appellant has elected to proceed upon a partial transcript which does not include the trial proceedings, such argument is beyond the record presented and will not be considered.

[3]Where, as in this case, the right to coverage turns upon facts extrinsic to those of the occurrence, such a reservation of rights would not even create a conflict of interest requiring *Cumis* counsel. (See *McGee* v. *Superior Court* (1985) 176 Cal.App.3d 221, 227-228 [221 Cal.Rptr. 421].)

favor, there would have been no duty to defend or indemnify from that point forward. Counsel urged that appellant's election to simply deny the request for defense should not lead to a different result, especially since the jury in this case vindicated appellant's belief that there was no coverage for Sutton's claim.

■ We disagree. While we do not suggest that an insurer *must* seek declaratory relief in order to avoid liability, or that information objectively demonstrated to be false creates a duty to defend, the fact remains that an insurer who simply denies coverage based upon its uncorroborated belief that the information in its possession may be fabricated, does so at its own risk, not at no risk. (See *Downey Savings & Loan Assn.* v. *Ohio Casualty Ins. Co.* (1987) 189 Cal.App.3d 1072, 1088-1089 [234 Cal.Rptr. 835].)

■ The limited record in this case does not inform us whether appellant had any objective basis for believing that Amato was residing with Sutton at the time of the accident. We know only that the court found the assertion to the contrary was made prior to any discussion of the appellant's denial of coverage and that it found appellant, at the time of the denial, was aware of facts which, if true, indicated that Amato was not residing with Sutton. Upon this silent record, we presume all reasonable facts and inferences in support of the judgment. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].)

For these reasons, we conclude the trial court properly applied the rule of *Gray* v. *Zurich Insurance Co., supra*, 65 Cal.2d 263, and properly concluded that appellant breached its duty to defend Amato.

## II

Having reached this conclusion, the issue remains as to the appropriate measure of damages. The answer is found in *Hogan* v. *Midland National Ins. Co.* (1970) 3 Cal.3d 553, 564 [91 Cal.Rptr. 153, 476 P.2d 825]. There, the California Supreme Court held that an insurer which breached its duty to defend was "liable for all costs and attorneys' fees expended by [its insured] for this purpose." (3 Cal.3d at p. 558.) In reaching this conclusion, the court rejected the contention that the insurer could not assert that the damages were not covered by the policy. (3 Cal.3d at p. 564.) The court explained that "[s]tatements in some cases to the effect that the judgment in the underlying action is conclusive as to the insurer's liability [citations] hold only that *if factual matters upon which the issue of coverage turns are expressly or impliedly determined in the prior action such determinations bind the insurer in the subsequent suit to enforce the provisions of the policy.*" (3 Cal.3d at p.

565, italics added.) The court concluded that where the issues upon which coverage depended were not raised in the underlying action, the insurer was not liable for the entire judgment.

In this case it is clear that issues relevant to coverage were not decided in the underlying action. Moreover, the issues decided in this action demonstrate that there was no coverage under the policy. Therefore, the proper measure of damages is that amount which will compensate the insured for the harm or loss caused by the breach of the duty to defend, i.e., the cost incurred in defense of the underlying suit.

It is not clear from the record before us whether Amato mounted a defense in the underlying action. The parties stipulated that the judgment was entered against him after the taking of evidence, but Amato alleged that it was a "Judgment by Court After Default." Therefore, remand is necessary to ascertain the amount of damages, if any, properly awardable.

### III

Finally, we briefly dispose of the issues raised in the cross-appeal. The rules applicable to appeals require that appellants, including cross-appellants, bear the burden of affirmatively showing error by an adequate record. (*Buckhart* v. *San Francisco Residential Rent etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 [243 Cal.Rptr. 298].) When a record is silent on a point urged as error, we indulge all presumptions in favor of the judgment. (*Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 564.) It must appear from the record that the issue argued on appeal was raised in the trial court. If not, the issue is waived. (*Oldenkott* v. *American Electric, Inc.* (1971) 14 Cal.App.3d 198, 207 [92 Cal.Rptr. 127]; *Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261]; *Royster* v. *Montanez* (1982) 134 Cal.App.3d 362, 367 [184 Cal.Rptr. 560].) Waiver may also occur as a result of the failure to support an argument with citation of authority. (See *Henderson* v. *Security Nat. Bank* (1977) 72 Cal.App.3d 764, 769 [140 Cal.Rptr. 388]; *Troensegaard* v. *Silvercrest Industries, Inc.* (1985) 175 Cal.App.3d 218, 228 [220 Cal.Rptr. 712].)

Applying these rules to this case, we find the record insufficient to address most of the errors alleged in the cross-appeal. There is no indication that cross-appellants argued in the trial court, as they do now, that the resident relative exclusion in the policy issued by appellant is unenforceable for overbreadth. Therefore, that issue has been waived. We cannot evaluate the claim that cross-appellants should have been allowed to present evidence on the issue of punitive damages because there is no showing that an adequate

foundation was (or might have been) laid or what such evidence would have demonstrated. Similarly, the alleged instructional error cannot be addressed in a factual vacuum.

We have addressed, and rejected, the contention that the resident relative exclusion was ambiguous, but we are unable to do more given the paucity of the record. As the California Supreme Court noted in *People* v. *Merriam* (1967) 66 Cal.2d 390, 397 [58 Cal.Rptr. 1, 426 P.2d 161]: " 'Matters not presented by the record cannot be considered on the suggestion of counsel in the briefs.' [Citations.]"

For the foregoing reasons, the matter is remanded for further proceedings on the issue of damages. In all other respects, the judgment is affirmed. Each party to bear its own costs.

Vogel (C. S.), J., and Conway, J.,* concurred.

A petition for a rehearing was denied October 28, 1993, and the petitions of all appellants for review by the Supreme Court were denied January 20, 1994. Mosk, J., was of the opinion that the petition of plaintiffs and appellants should be granted.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.