NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FREDERICK (RICK) GOERNER, an individual,

Plaintiff - Appellant,

v.

AXIS REINSURANCE CO, a New York corporation, FKA Royal & Sun Alliance Personal Insurance Company,

Defendant - Appellee.

No. 09-55385

D.C. No. 8:07-cv-00166-GW-MLG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted October 5, 2010
Pasadena, California

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

Plaintiff-Appellant Frederick Goerner ("Goerner") appeals the district

court's grant of summary judgment in favor of Defendant-Appellee Axis

Reinsurance Co. ("Axis"). The district court found that Axis had no duty to defend

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Goerner under a Directors & Officers ("D&O") liability policy purchased by Goerner's former employer, TransDimension, Inc., against a suit brought by Manuchehr Neshat ("Neshat"). The court concluded that, because the underlying complaint did not specifically allege that Goerner acted in his capacity as Chief Executive Officer ("CEO") of TransDimension, but rather asserted that he acted on behalf of two other companies in the same industry, coverage under the policy was not triggered. We have jurisdiction under 28 U.S.C. § 1291 and, for the reasons which follow, we now reverse and remand.

Axis's Duty to Defend

Axis Reinsurance issued a D&O policy requiring it to both defend and indemnify claims against TransDimension officers for "any actual or alleged error" committed by an insured individual "in [his] capacity as such." Goerner contends that the actions alleged in the underlying complaint were taken in his capacity as CEO of TransDimension, and he is entitled to a defense. Axis argues that, because the complaint does not specifically allege that Neshat's losses resulted from actions Goerner took in his capacity as TransDimension CEO, the policy is not triggered and Axis is relieved of the duty to defend.

"The determination whether the insurer owes a duty to defend is usually made in the first instance by comparing the allegations of the complaint with the

2

terms of the policy." *Anthem Electronics v. Pacific Employers Ins. Co.*, 302 F.3d 1049, 1054 (9th Cir. 2002). The guiding consideration is whether "the insured would reasonably expect a defense by the insurer." *Gray v. Zurich Ins. Co.*, 419 P.2d 168, 178 (Cal. 1966). "The courts will not sanction a construction of the insurer's language that will defeat the very purpose or object of the insurance." *Id.*

Under Axis's interpretation of its policy, Goerner would not be owed a defense even for actions he was directly ordered by his superiors to undertake if the third-party plaintiff failed to allege in the complaint that those actions were undertaken in his capacity as CEO. This interpretation defeats the purpose of the insurance coverage. Moreover, an insured would reasonably expect coverage for actions taken in the capacity of director or officer of an insured company, whether or not that capacity was alleged by the third-party plaintiff.

The question remains whether the actions at issue in Neshat's amended complaint could have been taken by Goerner in his capacity as CEO of TransDimension. To establish a duty to defend, "the insured must prove the existence of a *potential for coverage,* while the insurer must establish *the absence of any such potential.*" *Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1161 (Cal. 1993) (emphasis in original). "[T]he existence of a disputed fact determinative of coverage *establishes* the duty to defend." *Amato v. Mercury Cas.*

3

*Co.*, 18 Cal. App. 4th 1784, 1790 (Cal. Ct. App. 1993) (citing *Horace Mann Ins. Co. v. Barbara B.,* 846 P.2d 792 (Cal. 1993)) (emphasis in original). "[S]ummary judgment for [the insured] is required unless the insurers are able, at summary judgment stage, conclusively to negate coverage as a matter of law." *Anthem Electronics*, 302 F.3d at 1060.

Goerner has shown that TransDimension had business dealings, or potential dealings, with all of the individuals and companies at issue in the underlying complaint. Moreover, the complaint alleges that TransDimension's Board of Directors authorized and paid for Goerner's travels to meet with two of those companies in Asia, which was a key factual component of at least one cause of action. These facts give rise to the possibility of coverage. Axis, therefore, had a duty to defend Goerner under the D&O policy.

Admission of the Mediation Brief

Goerner also alleges that the district court erred in admitting into evidence a mediation brief from the underlying lawsuit. To reverse on the basis of an erroneous evidentiary ruling, this court must conclude not only that the district court abused its discretion, but also that the error was prejudicial. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008).

"In California, certain documents and communications pertaining to mediation are generally inadmissible in civil litigation." *Babasa v. LensCrafters, Inc.,* 498 F.3d 972, 974 (9th Cir. 2007) (citing Cal. Evid. Code § 1119 (2006)) (holding that no writing prepared for the purpose of mediation is admissible in a civil action in which testimony can be compelled). Thus, admission of the brief was error. However, the record does not suggest, and Goerner has not shown, that the error was prejudicial. Therefore, reversal on this ground is not warranted.

For the foregoing reasons, we REVERSE the district court's grant of summary judgment in favor of Axis and REMAND with instructions to grant summary judgment in Goerner's favor on the issue of Axis's duty to defend. Goerner's request for reassignment of his remaining claims is DENIED.

*Goerner v. Axis Reinsurance Co.*, No. 09-55385:

IKUTA, Circuit Judge, concurring:

I concur in the result on the ground that nothing in the Second Amended Complaint or the settlement agreement between Neshat and TransDimension eliminated the possibility that Goerner would face liability based on actions he took in his capacity as the chief executive officer of TransDimension. *Cf. Bowie v. Home Ins. Co.*, 923 F.2d 705, 706 (9th Cir. 1990). Because there is a genuine issue of material fact as to whether Goerner engaged in any of the wrongful acts alleged in the Second Amended Complaint in his insured capacity, there was a potential for coverage and Axis had a duty to defend. *See Amato v. Mercury Cas. Co.*, 18 Cal. App. 4th 1784, 1790 (Cal. Ct. App. 1993).