Filed 6/27/13  Marriage of Sinjem CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of DOUGLAS L. SINJEM, JR. and BRENDA JEAN SINJEM. | B244352 |
| DOUGLAS L. SINJEM, JR., | (Los Angeles County Super. Ct. No. VD054840) |
| Plaintiff and Respondent, | |
| v. | |
| BRENDA JEAN SINJEM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County,

Thomas E. McKnew, Judge.  Affirmed.

Weisenberg & Nelson and John W. Nelson for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## *INTRODUCTION*

Brenda Jean Sinjem (wife) appeals the judgment entered in this marital dissolution action. Wife contends that the trial court exceeded its authority when it modified its statement of decision, and that the court erred in awarding her only one-half of the cash value of the subject life insurance policy.[1]

## *FACTUAL AND PROCEDURAL BACKGROUND*

Wife has not provided the court with a complete record of the proceedings below. Therefore, it is unclear when the petition for dissolution was filed or when trial took place. The trial court proceedings as evidenced by the limited record before the court were as follows. On April 3, 2007, the trial court entered a judgment on dissolution. On June 4, 2009, the court issued a statement of decision on the disposition of the parties' community property. The court reserved judgment on the life insurance policy (policy) taken out in Douglas L. Singem's name (husband).

On May 26, 2011, the court issued a tentative ruling finding that wife had disclaimed any interest in the policy in a parallel proceeding in tax court. Wife objected to the ruling arguing that she had never disclaimed an interest in the policy but had only claimed she was unaware that husband had borrowed money from the policy.

On July 29, 2011, the court issued a modified statement of decision finding that husband had failed to disclose to wife that he had borrowed money from the policy, and

---

[1]    Respondent did not file a brief.

2

concluding that wife was entitled to $182,734.50. Husband objected to the ruling and asked the court to consider new evidence.

On May 2, 2012, the court modified its statement of decision again. The court concluded that wife was entitled to one-half of the "cash surrender value" of the policy as of the date of the separation. Wife objected to the ruling, arguing that the court should have awarded her half of the "cash value" of the policy.

On August 7, 2012, the court issued its Final Statement of Decision reiterating its conclusion that wife was entitled to one-half of the cash surrender value of the policy as of the date of separation. Wife filed a timely notice of appeal.

## DISCUSSION

Wife asks this court to "adopt" the trial court's July 29, 2011 Statement of Decision as the "final order of the court" on the grounds that the trial court did not have authority to modify its statement of decision. In the alternative, wife argues that the court should "adopt the conclusions and orders of the July 29, 2011 decision as its own and reverse and remand with instruction to the Court below to enter Judgment as so directed . . . ."

With respect to the first argument, wife contends that the trial court lacked authority to modify its statement of decision because "the matter could only be appealed, not modified." Wife does not provide supporting argument or cite to any authority for this point, and thus, this contention is deemed to be without foundation and to have been abandoned. (*Huntington Landmark Adult Community Assn. v. Ross* (1989) 213 Cal.App.3d 1012, 1021.)

3

With respect to the second argument, wife contends that the trial court's modified statement of decision was incorrect and asks the court to "adopt" the findings of the original statement of decision.  This is, in essence, an argument that substantial evidence does not support the findings made in the trial court's modified statement of decision.  Wife has not provided the court with a reporter's transcript of the trial proceedings or any subsequent hearings.  It is the appellant's burden to provide an adequate record on appeal.  (*Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794.)  To the extent the record is inadequate, we make all reasonable inferences in favor of the judgment.  (*Ibid.*)  By omitting the reporter's transcript, wife has failed to establish what the parties testified or what was accepted into evidence.  We therefore make all reasonable inferences in favor of the judgment and assume that the missing evidence constituted substantial evidence in support of the trial court's findings.  (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712, overruled on another issue in *Wilson v. Garcia* (1985) 471 U.S. 261.)

### *DISPOSITION*

The judgment is affirmed.  Respondent is entitled to costs, if any, on appeal.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.,

KITCHING, J.