Filed 7/8/14  Aleksa Simich Construction v. Centeno CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALEKSA SIMICH CONSTRUCTION, INC., | B250179 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC454576) |
| v. | |
| MARCO TULIO CENTENO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County,

Rolf MichaelTreu and Ramona See, Judges.  Affirmed.

Marco Tulio Centeno, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Marco Tulio Centeno appeals from the judgment entered in favor of the plaintiff Aleksa Simich Construction, Inc. (ASC) on the grounds that it was not supported by substantial evidence. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2011, ASC filed an action for breach of written contract, quantum meruit, open book account, account stated, and foreclosure of mechanic's lien against Centeno. The complaint alleged that Centeno's house had been damaged by a fire, and that Centeno had obtained an estimate from his insurance company regarding the costs of repairing the house. In October 2008, the parties entered into a "work authorization" agreement whereby ASC "agreed to supply all materials and labor necessary to repair [Centeno's] home . . . pursuant to the [insurance] estimate." ASC allegedly performed the work agreed to under this contract and Centeno breached the agreement by failing to pay ASC $44,251.77 Centeno had received from his insurance company pursuant to the prior estimate. The record on appeal is incomplete and does not include a copy of Centeno's answer to the complaint.

On March 24, 2011, Centeno filed a cross-complaint against ASC. The amended cross-complaint for breach of contract and fraud named both ASC and Innovative Business Perspective, Inc. as cross-defendants, and alleged that the cross-defendants had "refuse[d] to perform and/or complete the extra work they agreed to perform, [] abandoned the project incomplete, improperly filed a mechanic's lien, [and] slander[ed] [Centeno's] title to his property." In addition, the cross-defendants "knew or supposed to know [sic]" that "a check by Allstate Insurance Policy benefits [sic] the

2

RECOVERABLE DEPRECIATION CHECK of $44,251.77 . . . belongs only to [Centeno] and his lender and ha[s] nothing to do with [the] construction . . . . ”

The parties proceeded to trial on April 30, 2013. The trial court entered judgment in favor of ASC on the complaint in the amount of $44,251.77, and in favor of the cross-defendants on the cross-complaint. Centeno timely appealed.

## *DISCUSSION*

Centeno contends that the trial court erroneously found that ASC was owed the proceeds of the $44,251.77 check sent to Centeno by his insurance company. This is, in essence, an argument that substantial evidence does not support the trial court's findings. However, Centeno has not provided the court with a reporter's transcript of the trial proceedings. It is the appellant's burden to provide an adequate record on appeal. (*Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794.) To the extent the record is inadequate, we make all reasonable inferences in favor of the judgment. (*Ibid.*) By omitting the reporter's transcript, Centeno has failed to establish what the parties testified or what was accepted into evidence. We therefore make all reasonable inferences in favor of the judgment and assume that the missing evidence constituted substantial evidence in support of the trial court's findings. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712, overruled on another issue in *Wilson v. Garcia* (1985) 471 U.S. 261.)

*DISPOSITION*

The judgment is affirmed.  The respondent is entitled to costs, if any, on appeal.


*NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*



CROSKEY, Acting P. J.

WE CONCUR:



KITCHING, J.



ALDRICH, J.