Filed 5/8/15  In re T.R. CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| In re T.R., a Person Coming Under the Juvenile Court Law. | C076164 |
| BUTTE COUNTY DEPARTMENT OF EMPLOYMENT AND SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.H.,<br><br>Defendant and Appellant. | (Super. Ct. No. J-32214) |

The maternal grandmother and guardian of T.R., a minor, appeals from the order of the juvenile court applying the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and granting the minor's tribal affiliation with the Mooretown Rancheria Concow-Maidu tribe—the Mooretown Rancheria of Maidu Indians of California (Mooretown) is a

1

federally recognized Indian tribe. (Welf. & Inst. Code, § 224.1, subd. (e)(2);[1] 68 Fed.Reg. 68181 (Dec. 5, 2003).)

Appellant claims the juvenile court erred by applying ICWA status and assigning Mooretown affiliation because, in her view, the minor is already a registered member of the group known as "the Hawaiian people," registered in the Office of Hawaiian Affairs (OHA). We shall affirm the juvenile court's order.

## FACTUAL BACKGROUND

Because appellant's sole contention does not require an in-depth discussion of the history of the case, we provide a limited summary of relevant facts and procedure. It appears from the limited record provided that the underlying case originated as a dependency proceeding in which the juvenile court ordered long-term guardianship of the minor to appellant as follows:

D.R. (mother)[2] gave birth to the minor in September 2005. At that time, mother was abusing drugs and alcohol. As a result, the minor was born with positive toxicology and was removed from mother's custody and placed under the guardianship of appellant, with whom the child currently resides. Within a month of the minor's birth, Mooretown filed a notice of tribal intervention in the dependency proceedings asserting that, based on the minor's membership in the Mooretown tribe or her eligibility for membership as a child of a member of an Indian tribe, the minor is an Indian child subject to the ICWA. The juvenile court entered an order to that effect.

On March 26, 2012, mother filed a petition to terminate guardianship of the minor. Over the course of the next year, there were various orders and stipulated agreements

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Mother is not a party to this appeal.

regarding mother's visitation with the minor. Despite that, numerous issues arose regarding visitation mainly due to what the social worker described as an "adversarial" relationship between mother and appellant.

Mother filed her trial brief in support of termination of the guardianship on March 21, 2013. In her supporting declaration, mother stated she: had maintained sobriety since February 2007; reconnected with her tribal heritage and culture as a member of the Mooretown tribe; had maintained employment in tribe-related positions; was raising two additional children, both of whom were in her custody and care and both of whom were being raised in her tribal culture; and owned her own home. Mother also described her involvement in tribal activities, some of which involved the minor.

Appellant filed her trial brief on March 25, 2013. Regarding tribal affiliation, appellant's trial brief stated in part as follows: "Since [appellant] is [mother's] biological mother and also the guardian of [the minor], there are several tribal affiliations that may have influence and cultural significance in [the minor's] life. In addition, the paternal father is a registered member of the Western Shoshone Winnemucca Band of Indians [(Winnemucca)]. [¶] It cannot reasonably be asserted that [mother's] tribal affiliations are more significant than the other tribal members or affiliations in this diverse family. There is no evidence that only [mother] is able or willing to promote and preserve the [minor's] Indian heritage. During the [s]ummer, the guardian arranged a visitation schedule specifically so that [the minor] could participate in one of her tribal affiliations, and learn basket weaving with her mother."

At the contested hearing on March 27, 2013, mother withdrew without prejudice her petition to terminate guardianship, and the juvenile court set a contested hearing on the issue of visitation.

On July 15, 2013, the juvenile court issued a visitation order which included arrangements for the minor to participate in an event called the Elders' Dinner at Mooretown.

At the November 5, 2013 contested hearing to review visitation, the juvenile court apparently[3] ordered that the parties brief the issue of whether, for purposes of the ICWA, the minor's tribe is Mooretown or Winnemucca.

On January 10, 2014, Mooretown filed a tribal affiliation brief supported by the declaration of Francine McKinley, Mooretown's ICWA and social services director. Among other things, the tribe argued that Mooretown "is, and has always been, the Tribe with which [the minor] has the most significant contacts" and nearly all of the eight factors set forth in section 224.1, subdivision (e)(2)[4] "weigh heavily in favor of

---

[3] We say "apparently" because the record does not include the court's order, only a notation in Mooretown's tribal affiliation brief regarding the order.

[4] Section 224.1, subdivision (e)(2) provides as follows:

"(e) If an Indian child is a member of more than one tribe or is eligible for membership in more than one tribe, the court shall make a determination, in writing together with the reasons for it, as to which tribe is the Indian child's tribe for purposes of the Indian child custody proceeding. The court shall make that determination as follows: [¶] . . . [¶]

"(2) If an Indian child . . . is not a member of any tribe but is eligible for membership in more than one tribe, the tribe with which the child has the more significant contacts shall be designated as the Indian child's tribe. In determining which tribe the child has the more significant contacts with, the court shall consider, among other things, the following factors:

"(A) The length of residence on or near the reservation of each tribe and frequency of contact with each tribe.

"(B) The child's participation in activities of each tribe.

"(C) The child's fluency in the language of each tribe.

"(D) Whether there has been a previous adjudication with respect to the child by a court of one of the tribes.

4

Mooretown" and none weigh in favor of Winnemucca. For example, Mooretown argued, the minor participated in tribal activities such as the Elders' Dinner and the summer kids' program at the rancheria, and participated in supervised visits with mother (an enrolled Mooretown member) at the tribe's office, library, and daycare center.

Appellant filed her tribal affiliation brief on January 17, 2014. In the brief, appellant made reference to but did not identify "[t]he Tribe in our area" and stated the minor participated in archery class two days a week "in their Indian Program, at Yuba Feather Elementary School." Appellant argued the minor is "a registered OHA member," and "has been under my (OHA reg) protection since several days after her birth." Appellant further argued the minor was not culturally deprived, citing among other things the maternal grandfather's one-eighth Cherokee heritage, Indian education at the minor's school, and the fact that the minor "has been raised [and] schooled with Apache, Sioux, Maidu, Hopi, Cherokee [and] Cheyene [*sic*] children." Finally, appellant argued Mooretown was not acting in the best interest of the minor and did not provide the minor with anything more than appellant and her husband were already providing, adding that "[t]he Hawaiian registry is full [of] lineal priviledge(s) [*sic*]."

At the February 11, 2014 contested hearing, David Kennedy, counsel for Butte County Department of Employment and Social Services, Children's Services Division (CSD), argued "the [minor's] significant contacts are and have been with Mooretown" and that OHA registration "is not at all [in] conflict with the [ICWA]." When appellant interrupted saying, "You can't double register," Attorney Kennedy responded,

_____

"(E) Residence on or near one of the tribes' reservations by the child['s] parents, Indian custodian or extended family members.

"(F) Tribal membership of custodial parent or Indian custodian.

"(G) Interest asserted by each tribe in response to the notice specified in Section 224.2.

"(H) The child's self-identification."

5

"Registering with the Hawaiian Registry is not registering with a tribe that is recognized under the federal register of Native American tribes. So there is no issue with respect to a double registry."

On the issue of tribal affiliation, mother's counsel argued, "As Mr. Kennedy pointed out and as the brief from the tribe makes it abundantly clear, [the minor] is more closely affiliated with the Mooretown Rancheria. The [OHA] is not a tribe. It's a state agency. It is not a federal agency. It has no implications with regard to [ICWA], which very clearly both under State law and federal law it covers Indian children who are eligible or members of federally recognized tribes. There is no federally recognized Hawaiian tribe. [¶] There is an abundant amount of litigation regarding the issue, and the Supreme Court has very clearly ruled that there is no such thing as a federally recognized tribe out of Hawaii. [¶] So the issue of the [OHA] is really a red herring as to any other tribe, I believe that the issue was clearly briefed by [counsel for Mooretown]."

Over appellant's objection, the juvenile court concluded as follows: "With respect to the tribal affiliation, the Court is persuaded by [counsel for CSD and mother] and a brief provided by [counsel for Mooretown] with respect to the intervention by Mooretown. That is where the most significant contact is. [¶] And the representation about the [OHA], in the Court's mind, doesn't me[et] the criteria that would put the affiliation with Mooretown aside, and so the Court will rule that the significant relationship and the affiliation, the tribal affiliation, is with Mooretown Rancheria."

Appellant filed a timely notice of appeal.

### DISCUSSION

Appellant contends the juvenile court erred by (1) assigning ICWA status to the minor's proceedings, (2) concluding Mooretown is the minor's Indian tribe for purposes of the ICWA, and (3) ignoring the minor's OHA enrollment.

6

As a preliminary matter, in order to avoid forfeiting her claims, appellant had the burden to present an analysis of the facts and legal authority on each point made, and to support her arguments with analysis and citation to evidence in the appellate record. (Cal. Rules of Court, rule 8.204(a)(1)(B) [each point in appellate brief must be supported by citation of authority]; *People v. Hardy* (1992) 2 Cal.4th 86, 150; *People v. Galambos* (2002) 104 Cal.App.4th 1147, 1159; *Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647 [lack of authority or analysis constitutes forfeiture].) She did not do so. We do not consider assertions made without supporting argument or authority. (*Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.) While we are mindful that appellant appears without the benefit of counsel, "mere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

In any event, appellant's claims fail on the merits. The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912.) The ICWA allows a tribe to intervene in dependency proceedings involving an Indian child because the law presumes it is in the child's best interests to retain tribal ties and heritage and that it is in the tribe's interest to preserve future generations. (*In re Desiree F.* (2000) 83 Cal.App.4th 460, 469.)

The definition of "Indian child" in the ICWA and state law requires that a minor be either (a) a member of a tribe or (b) a biological child of a member of a tribe and eligible for tribal membership. (25 U.S.C. § 1903(4); § 224.1, subd. (a) [the ICWA definition of "Indian child" will apply under state law].) Both definitions of an "Indian

child" require analysis of a person's membership in an "Indian tribe."  The ICWA defines "Indian tribe" as "any Indian tribe, band, nation, or other organized group or community of Indians *recognized as eligible for the services provided to Indians by the Secretary* [*of the Interior*] because of their status as Indians . . . ."  (25 U.S.C. § 1903(8), italics added.)

Here, it is undisputed that the minor is the biological child of mother, a member of Mooretown, and that Mooretown is a federally recognized Indian tribe for purposes of the ICWA.  As such, the minor is eligible for membership in Mooretown, the tribe with which she appears to have significant contacts.  While appellant claims registered Hawaiian Americans are a federally recognized Indian tribe for purposes of the ICWA, she failed in the juvenile court and again here on appeal to provide any evidence or authority, credible or otherwise, to support that proposition, and we know of no authority that could support her claim.  Nor has appellant persuaded us that registration with the OHA in any way conflicts with the juvenile court's determination of the minor's tribal affiliation with Mooretown.  The Hawaiian people do not qualify as an Indian tribe for purposes of the ICWA, and neither the minor's nor appellant's OHA registration trigger application of section 224.1, subdivision (e)(2).

### DISPOSITION

The juvenile court's order is affirmed.


                                                                 BUTZ             , J.


We concur:


     NICHOLSON     , Acting P. J.


     HOCH        , J.