Filed 1/17/14  Yashar v. Barnes CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| FARIBORZ YASHAR, | D063028 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00084882-CU-PT-CTL) |
| WILLIAM BARNES, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, William R. Nevitt, Jr., Judge.  Affirmed.

Fariborz Yashar, in propia persona, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Fariborz Yashar, a self-represented litigant, appeals from an order[1] dissolving a temporary restraining order (TRO) issued in November 2012. Because his briefing does not comply with basic appellate principles both procedurally and substantively, Yashar has forfeited his contentions. Nor has he demonstrated error or prejudice. Accordingly, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

The following facts appear from the clerk's transcript, which is the entirety of the appellate record. In November 2012, Yashar obtained a TRO against "John Doe" after filling out a Judicial Council form Notice of Court Hearing (Elder or Dependent Adult Abuse Prevention). The matter was set for hearing on November 26, 2012.

The minute order reveals that on the day of the hearing, which was unreported, Yashar appeared along with William Barnes, who the parties confirmed was sued as John Doe. The court took testimony from Yashar and Barnes. It thereafter denied Yashar's requested restraining order in its entirety without prejudice, and ordered the TRO dissolved. Yashar filed this appeal.

---

[1] Yashar checked the notice of appeal form to indicate he was appealing from a "default judgment" entered on November 26, 2012. Because the trial court's order dissolving the TRO was issued on that day, and given the obviousness of the ground for Yashar's appeal, we will treat this as a clerical error in the notice of appeal and liberally construe his appeal as taken from that order. (*In re Joshua S.* (2007) 41 Cal.4th 261, 272 [notice of appeal must be liberally construed]; Cal. Rules of Court, rule 8.100(a)(2).)

DISCUSSION

We begin with these basic appellate principles:  " 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' "  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Where the record is silent, we presume the trial court made the factual findings necessary to support its order.  (*Denham*, at p. 564; *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409 [citing cases; appellate court starts with presumption that the record contains evidence to sustain every finding of fact].)  "It is the appellant's burden, not the court's, to identify and establish deficiencies in the evidence."  (*Huong*, at p. 409.)

Further, if an issue is not supported by pertinent or cognizable legal argument it may be deemed abandoned and there is no need for the reviewing court to discuss it.  (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700; *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1120.)

Yashar's TRO was apparently sought under the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, § 15600 et seq.; the Act), under which an elder or dependent adult who has suffered abuse may seek an order enjoining another from abusing, harassing, contacting or coming within a specified distance of him.  (Welf. & Inst. Code, § 15657.03, subds. (a) & (b)(1).)  The Act permits the petitioning party to obtain a temporary restraining order pending the hearing on the petition.  (Welf. & Inst.

3

Code, § 15657.03, subd. (d).)  An order under the Act is reviewed for abuse of discretion, and the court's factual findings, if any, are reviewed for substantial evidence.  (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137.)

Yashar's appellate brief does not address the Act.  It consists of sections entitled "Statement of the Case," "Statement of Appealability," "Statement of Facts," "Argument" and "Conclusion."  With the exception of the statement of appealability, each section contains assertions concerning Yashar's purported interactions with Barnes, which are entirely absent supporting record citations.  These failings violate the procedural requirements for appellate briefs.[2]

Yashar's brief is substantively deficient as well.  None of the sections of Yashar's brief contain any discussion or recognition of the applicable standards of appellate review of an order denying a petition for a restraining order under the Act.  Rather, Yashar presumably repeats the arguments and matters that he unsuccessfully brought before the superior court.  Because Yashar does not acknowledge the relevant standards of review, he necessarily does not tailor his arguments according to the abuse of discretion review or sufficiency of the evidence review standards, as he must.  (*Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1388.)  Nor does Yashar provide relevant

---

[2]      California Rules of Court, rule 8.204(a)(1)(C) provides that each appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  Courts interpret this rule to mean that the assertions of fact set forth in an appellate brief must be supported by a citation to the volume and page number of the record where that fact appears.  (See *Brewer v. Murphy* (2008) 161 Cal.App.4th 928, 936, fn. 4 [defendants' assertion of fact not supported by citation to record].)  Even setting aside these technical rule violations, the substance of Yashar's briefing compels us to conclude any contentions are forfeited.

4

authority or legal argument demonstrating why we should conclude the trial court prejudicially abused its discretion by denying his request for a restraining order and dissolving the TRO. (See *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["An appellate court is not required to examine undeveloped claims, nor to make arguments for parties."]; *People v. Stanley* (1995) 10 Cal.4th 764, 793 [appellate court's role is to evaluate legal argument with citation of authorities on the points made].) It is Yashar's burden to present an adequate record so as to affirmatively demonstrate trial court error. (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494; *Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794; see *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.) " '[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Yashar's deficient briefing, combined with the lack of reasoned analysis pertinent to the questions at hand on appeal from an order denying his requested restraining order, compel us to conclude he has forfeited any cognizable appellate contentions. As a result of these failings, and absent any persuasive legal authority on the question, Yashar likewise has not demonstrated error or prejudice. In reaching our conclusion, we are mindful that Yashar represents himself on appeal. However, his status as a party appearing in propria persona does not provide a basis for preferential consideration. "A party proceeding in propria persona 'is to be treated like any other party and is entitled to

the same, but no greater[,] consideration than other litigants and attorneys.' [Citation.] Indeed, ' "the in propria persona litigant is held to the same restrictive rules of procedure as an attorney." ' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1; *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121.)

## DISPOSITION

The order is affirmed.


O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

McINTYRE, J.

6