**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PATRICK BABASA; ROBERT
BREDENSTEINER, individually, as
private attorneys general, and on
behalf of all employees similarly
situated,

   *Plaintiffs-Appellees,*

v.

LENSCRAFTERS, INC., an Ohio
Corporation,

   *Defendant-Appellant.*

No. 07-55880

D.C. No.
CV-06-01144-DOC

OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted
August 9, 2007—Pasadena, California

Filed August 16, 2007

Before: Marsha S. Berzon and Sandra S. Ikuta,
Circuit Judges, and James K. Singleton,* District Judge.

Opinion by Judge Berzon

*The Honorable James K. Singleton, Senior United States District
Judge for the District of Alaska, sitting by designation.

10291

## COUNSEL

Elizabeth Staggs Wilson and Lauren T. Howard, Littler Mendelson, Los Angeles, California, for the appellant.

Jeffrey Spencer and Dirk Bruinsma, San Clemente, California, for the appellees.

## OPINION

BERZON, Circuit Judge:

Appellant LensCrafters appeals the district court's order remanding the case to state court for failure to timely file for removal. We affirm.

On April 4, 2005, appellees filed a putative class action in state court, alleging various labor code violations. They filed an amended complaint in September. Shortly thereafter, the parties agreed to enter mediation.

On December 5, 2005, prior to the mediation, counsel for appellees sent a letter to counsel for LensCrafters, the "Bruinsma letter," which "confirm[ed] some issues discussed in [a] recent telephone conversation regarding the size of the class and the number of incidents of violation." The letter noted that it was sent "[i]n preparation for the mediation," and that it concerned "what it would take to make mediation meaningful." In it, appellees' counsel estimated that their allegation of 300,000 missed meal periods, compensable at an average $15 hourly rate of pay, would amount to $4.5 million. Additionally, he noted that civil penalties under Sections 2699 and 210 of the California Labor Code would exceed an additional $5 million.

After attempts to settle the case through mediation proved fruitless, the parties conducted discovery in state court. In a telephone call during the course of discovery, on November 1, 2006, appellees' counsel reiterated to LensCrafters that the damages at issue exceeded $5 million. Later that month, on November 27, 2006, LensCrafters filed a notice of removal to federal court, alleging that the November 1 conversation first put it on notice that the amount in controversy exceeded the jurisdictional amount.

The Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.), eliminated the one-year statute of limitations for removal in 28 U.S.C. § 1446(b), *see* 28 U.S.C. § 1453(b). It did not, however, alter the requirement that defendants must file a "notice of removal . . . within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b). If a notice

of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate. *Id.*; *see Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 783 (9th Cir. 1994) (holding untimely a company's notice of removal when it came more than a year after the company became aware of the nature of plaintiffs' claims).

**[1]** Here, the district court held that LensCrafters received § 1446(b) notice in the form of the Bruinsma letter, making its subsequent removal effort untimely. LensCrafters argues that the Bruinsma letter could not serve as proper notice of the amount in controversy for removal purposes, because the letter is privileged under state law. In California, certain documents and communications pertaining to mediation are generally inadmissible in civil litigation. *See* CAL. EVID. CODE § 1119 (2006). LensCrafters asserts that the Bruinsma letter falls within the scope of this privilege and, as a result, statements in the letter relating to the amount in controversy could not be used to support removal to federal court.

**[2]** It is far from clear that the Bruinsma letter falls within the scope of the California mediation privilege. But we need not decide whether it does or not, because California privilege law does not directly apply in the present context.

**[3]** Under Federal Rule of Evidence 501, privileges provided by state law apply in civil actions only "with respect to an element of a claim or defense as to which State law supplies the rule of decision." FED. R. EVID. 501; *see Breed v. U.S. Dist. Court for the N. Dist. of Cal.*, 542 F.2d 1114, 1115 (9th Cir. 1976) (holding that, when a question of federal law is at issue, "[s]tate law [as to privileges] may provide a useful referent, but it is not controlling"). State law does not supply the rule of decision here. Federal law governs the determination whether a case exceeds the amount in controversy necessary for a diversity action to proceed in federal court. *See* 28 U.S.C. § 1332; *see also Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 352 (1961) ("[D]etermination of the value of

the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards . . . .”). Thus, even if the California mediation privilege applied to the Bruinsma letter, which we do not decide, it would not preclude a determination that the Bruinsma letter constituted § 1446(b) notice for purposes of removal to federal court.[1]

[4] We have no doubt that LensCrafters could have ascertained, upon receiving the Bruinsma letter, that the case was removable. We previously have held that “[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff’s claim.” *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (“Because the record contains a letter, which plaintiff’s counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is ‘apparent’ that removal was proper.”)). Like the letter in *Cohn*, the Bruinsma letter put LensCrafters on notice as to the amount in controversy. Its estimate of $4.5 million in unpaid wages, based on missed meal periods, plus an additional $5 million in civil penalties, exceeded the amount in controversy required for federal juris-

---

[1]LensCrafters waived any argument that the letter falls within the scope of a federal evidentiary privilege by failing to raise this argument before the district court or in its briefs in this court. *See United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006). Likewise, LensCrafters did not assert that we should incorporate the California mediation privilege into the federal common law of privileges. We thus need not consider whether a federal mediation privilege exists to bar use of the letter for purposes of demonstrating the removability of the case. Nor need we decide whether it may be appropriate in some cases concerning the amount in controversy for federal jurisdiction purposes, pursuant to Rule 501, to defer to state law evidentiary privileges out of comity and respect for state policies. *See* Conference Report on Rule 501 of the Federal Rules of Evidence, H.R. Rep. No. 93-1597, at 7-8 (1974) (Conf. Rep.), quoting *D’Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 471 (1942) (Jackson, J., concurring) (“In some cases [federal courts] may see fit for special reasons to give the law of a particular state highly persuasive or even controlling effect . . . .”).

diction. *See* 28 U.S.C. § 1332(d)(2) (setting the jurisdictional bar above "$5,000,000, exclusive of interest and costs").

[5] Appellant does not appeal the district court's determination that this estimate was reasonable. Were we to consider the question, however, we would agree with the district court that the letter's estimate of $9.5 million in damages, even if imprecise, was sufficiently supported by details of the injuries claimed and clearly indicated that the amount in controversy exceeded the jurisdictional amount.[2]

[6] Because LensCrafters filed its notice of removal on November 27, 2006, well over thirty days after it first could have ascertained that the case was removable, the district court properly remanded the case to state court.

**AFFIRMED**.

---

[2]Indeed, quite aside from the Bruinsma letter, a fair reading of the complaint alone is probably enough to establish that more than $5 million is at stake. Plaintiffs alleged seven causes of action, including failure to pay overtime compensation. LensCrafters' lowest estimate of the number of class members was 4,500. If each employee worked just one hour of overtime per week without receiving overtime compensation at $10 per hour, another low estimate, damages would run to almost $10 million over the four years covered by the complaint for that single claim, without considering civil penalties.