FILED

MAR 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUDITH MANIATES,

              Plaintiff - Appellant,

   v.

LAKE COUNTY OREGON; KENNETH
KESTNER,

            Defendants - Appellees.

No. 09-35178

D.C. No. 1:08-cv-03038-PA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted March 5, 2010
Portland, Oregon

Before: PAEZ, TALLMAN, and M. SMITH, Circuit Judges.

   Judith Maniates ("Maniates") appeals the district court's grant of judgment

as a matter of law in favor of the defendants, Lake County, Oregon, and County

Commissioner Kenneth Kestner. Maniates brought a claim under 42 U.S.C.

§ 1983 for improper retaliation under the First Amendment. She also alleged

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violations of whistleblower protection and tortious interference with economic relations under Oregon state law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Maniates cannot show that Judge Panner erred in failing to recuse himself due to bias.[1] Under 28 U.S.C. § 455, a judge should recuse himself if the complaining party shows either (1) bias stemming from some "extrajudicial source," or (2) "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 554, 555 (1994). Here, Maniates can show neither and instead points to Judge Panner's "ordinary efforts at courtroom administration . . . , [which] remain immune" from § 455 challenges. *Id.* at 556. Therefore, this claim fails.

Maniates next argues that the court improperly granted judgment as a matter of law to the defendants. We affirm the district court's determination.[2] First, for her First Amendment retaliation claim, Maniates did not present evidence during

---

[1] Though Maniates failed to make a motion for recusal before the district court, she may still pursue a claim on appeal for failure to recuse due to bias under 28 U.S.C. § 455. *United States v. Bosch*, 951 F.2d 1546, 1548 (9th Cir. 1991).

[2] Maniates appeals the district court's judgment as a matter of law on all three claims. However, she does not properly present argument in her opening brief as to her Oregon whistleblower claim, and therefore this claim is deemed abandoned. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 n.1 (9th Cir. 2007) (noting that appellant waived any argument on an issue by failing to address it in its briefs on appeal).

her case in chief proving that her protected speech was a "substantial or motivating factor" in her termination or in the County's decision not to employ her. *See Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 928–29 (9th Cir. 2004), *cert. denied sub nom. Multnomah County v. Alpha Energy Savers, Inc.* 544 U.S. 975 (2005) (stating that there must be "more than 'mere evidence' that the defendants were aware of [plaintiff's] expressive conduct in order to establish a genuine material dispute as to whether retaliation was a substantial or motivating factor for their conduct"). Second, a reasonable jury could not have found that Kenneth Kestner acted solely for his own benefit as required for the common law tort of intentional interference with economic relations. *Sims v. Software Solutions Unlimited, Inc.*, 939 P.2d 654, 658 (Or. Ct. App. 1997) ("[S]o long as the actor's actions are within the scope of his authority and are undertaken at least in part to further the best interests of the employer, it is immaterial that the actor has additional motives.").

**AFFIRMED.**