MEMORANDUM *
Plaintiff-Appellant Frederick Goerner (“Goerner”) appeals the district court’s grant of summary judgment in favor of Defendant-Appellee Axis Reinsurance Co. (“Axis”). The district court found that Axis had no duty to defend Goerner under a Directors & Officers (“D & 0”) liability policy purchased by Goerner’s former employer, TransDimension, Inc., against a suit brought by Manuchehr Neshat (“Nes-hat”). The court concluded that, because the underlying complaint did not specifically allege that Goerner acted in his capacity as Chief Executive Officer (“CEO”) of TransDimension, but rather asserted that he acted on behalf of two other companies in the same industry, coverage under the policy was not triggered. We have jurisdiction under 28 U.S.C. § 1291 and, for the reasons which follow, we now reverse and remand.

Axis’s Duty to Defend

Axis Reinsurance issued a D & 0 policy requiring it to both defend and indemnify claims against TransDimension officers for “any actual or alleged error” committed by an insured individual “in [his] capacity as such.” Goerner contends that the actions alleged in the underlying complaint were taken in his capacity as CEO of TransDimension, and he is entitled to a defense. Axis argues that, because the complaint does not specifically allege that Neshat’s losses resulted from actions Goerner took in his capacity as TransDimension CEO, the policy is not triggered and Axis is relieved of the duty to defend.
“The determination whether the insurer owes a duty to defend is usually made in *228 the first instance by comparing the allegations of the complaint with the terms of the policy.” Anthem Electronics v. Pacific Employers Ins. Co., 302 F.3d 1049, 1054 (9th Cir.2002). The guiding consideration is whether “the insured would reasonably expect a defense by the insurer.” Gray v. Zurich Ins. Co., 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168, 178 (1966). “The courts will not sanction a construction of the insurer’s language that will defeat the very purpose or object of the insurance.” Id.
Under Axis’s interpretation of its policy, Goerner would not be owed a defense even for actions he was directly ordered by his superiors to undertake if the third-party plaintiff failed to allege in the complaint that those actions were undertaken in his capacity as CEO. This interpretation defeats the purpose of the insurance coverage. Moreover, an insured would reasonably expect coverage for actions taken in the capacity of director or officer of an insured company, whether or not that capacity was alleged by the third-party plaintiff.
The question remains whether the actions at issue in Neshat’s amended complaint could have been taken by Goerner in his capacity as CEO of TransDimension. To establish a duty to defend, “the insured must prove the existence of a potential for coverage, while the insurer must establish the absence of any such potential.” Montrose Chem. Corp. v. Superior Court, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1161 (1993) (emphasis in original). “[T]he existence of a disputed fact determinative of coverage establishes the duty to defend.” Amato v. Mercury Cas. Co., 18 Cal.App.4th 1784, 1790, 23 Cal.Rptr.2d 73 (Cal.Ct.App.1993) (citing Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 17 Cal.Rptr.2d 210, 846 P.2d 792 (1993)) (emphasis in original). “[Sjummary judgment for [the insured] is required unless the insurers are able, at summary judgment stage, conclusively to negate coverage as a matter of law.” Anthem Electronics, 302 F.3d at 1060.
Goerner has shown that TransDimension had business dealings, or potential dealings, with all of the individuals and companies at issue in the underlying complaint. Moreover, the complaint alleges that TransDimension’s Board of Directors authorized and paid for Goerner’s travels to meet with two of those companies in Asia, which was a key factual component of at least one cause of action. These facts give rise to the possibility of coverage. Axis, therefore, had a duty to defend Goer-ner under the D & O policy.

Admission of the Mediation Brief

Goerner also alleges that the district court erred in admitting into evidence a mediation brief from the underlying lawsuit. To reverse on the basis of an erroneous evidentiary ruling, this court must conclude not only that the district court abused its discretion, but also that the error was prejudicial. Harper v. City of Los Angeles, 533 F.3d 1010, 1030 (9th Cir.2008).
“In California, certain documents and communications pertaining to mediation are generally inadmissible in civil litigation.” Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir.2007) (citing Cal. Evid.Code § 1119 (2006)) (holding that no writing prepared for the purpose of mediation is admissible in a civil action in which testimony can be compelled). Thus, admission of the brief was error. However, the record does not suggest, and Goerner has not shown, that the error was prejudicial. Therefore, reversal on this ground is not warranted.
For the foregoing reasons, we REVERSE the district court’s grant of summary judgment in favor of Axis and REMAND with instructions to grant summary judgment in Goerner’s favor on *229 the issue of Axis’s duty to defend. Goerner’s request for reassignment of his remaining claims is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.