**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY ROSE WILCOX, wife; EARL WILCOX, husband, *Plaintiffs-Appellees*, v. JOSEPH M. ARPAIO; AVA ARPAIO; ANDREW P. THOMAS; ANNE THOMAS; LISA AUBUCHON; PETER R. PESTALOZZI; DAVID HENDERSHOTT; ANNA HENDERSHOTT, *Defendants*, and MARICOPA COUNTY, a governmental entity, *Defendant-Appellant*. | No. 12-16418 DC No. 2:11 cv-0473 NVW OPINION |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted
March 11, 2014—San Francisco, California

Filed June 2, 2014

Before:  Jerome Farris, Stephen Reinhardt,
and A. Wallace Tashima, Circuit Judges.

Opinion by Judge Tashima

**SUMMARY**[*]

**Mediation**

The panel affirmed a district court order granting plaintiffs' motion to enforce a settlement agreement reached during mediation in an action brought under 42 U.S.C. § 1983 and state law against Maricopa County and certain present and former County officials.

The panel held that federal privilege law governs the admissibility of evidence of an alleged settlement reached during the mediation of federal and state law claims. The panel determined, however, that in this case the County waived any available privilege and therefore that the district court did not err in admitting and considering allegedly privileged documents and testimony. The panel concluded that the district court did not clearly err in finding that the County authorized the County Manager to settle plaintiffs' claims and therefore did not err in enforcing the settlement agreement.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Jeffrey S. Leonard (argued), James W. Armstrong, and Helen R. Holden, Sacks Tierney P.A., Scottsdale, Arizona, for Defendant-Appellant.

Colin F. Campbell (argued) and Kathleen Brody O'Meara, Osborn Maledon, P.A., Phoenix, Arizona, for Plaintiffs-Appellees.

**OPINION**

TASHIMA, Circuit Judge:

We are asked to decide whether federal or state privilege law governs the admissibility of evidence of an alleged settlement reached during mediation of federal and state law claims. We conclude that federal privilege law governs, but that the County waived any available privilege; therefore, we affirm the district court's enforcement of the settlement agreement reached in mediation.

**I.**

Plaintiffs Mary Rose Wilcox, a Maricopa County Supervisor, and Earl Wilcox, her husband, filed suit against Maricopa County (the "County") and certain present and former County officials. Plaintiffs alleged that these officials wrongfully investigated, prosecuted, and harassed Plaintiffs in retaliation for Plaintiffs' opposition to the actions of the County Sheriff, County Attorney, and their deputies. Plaintiffs pleaded federal claims under 42 U.S.C. § 1983 and supplemental state law claims.

Plaintiffs were not the only ones to file suit. Many other claimants, including other County Supervisors, pursued similar claims against the County. County advisors predicted that a hundred or more people might pursue such claims, potentially costing the County millions of dollars. County advisors also warned that these claims might create conflicts of interest for County Supervisors, who were both fiscal stewards for the County and actual or potential claimants against the County.

Concerned about the propriety, cost, and pace of litigation, the County adopted a resolution directing County Manager David Smith to establish an alternative dispute resolution program to resolve these claims. The resolution "directed and authorized [Smith] to take all actions necessary to . . . adjudicate the claims included in the alternative dispute resolution process," including by "entering into binding arbitration/mediation agreements with claimants" and "entering into contracts as needed." Smith, in turn, appointed mediator Christopher Skelly, a retired judge, to help resolve these claims. Through Judge Skelly, Smith settled multiple claims.

Plaintiffs assert that their claims were among those that were settled. They alleged that the County agreed to a $975,000 settlement, and filed a motion to enforce the alleged settlement. In support of their motion to enforce, Plaintiffs submitted an e-mail from Judge Skelly to Plaintiffs' counsel, dated April 9, 2012, stating that Skelly wrote to confirm a settlement in the amount of $975,000. Plaintiffs also submitted e-mails from Judge Skelly to counsel for two other claimants, also dated April 9, 2012. These e-mails were identical to Skelly's e-mail to Plaintiffs' counsel in every material respect (except for the identity of counsel and

claimants, and the respective settlement amounts), except one: The e-mail to Plaintiffs' counsel included the sentence "This settlement is subject to any further approvals deemed necessary by the parties." Judge Skelly's e-mails to the other claimants did not include this sentence. Plaintiffs also submitted e-mails from Plaintiffs' counsel and from counsel for the other claimants, accepting the terms of settlement.

The district court set an evidentiary hearing on Plaintiffs' motion to enforce, and ordered the County to produce Smith and Judge Skelly for the hearing. Judge Skelly, however, did not appear and only Smith appeared as a witness. At the hearing, Smith testified that the two other April 9 e-mails sent by Skelly to claimants' counsel resulted in settlements paid to those claimants in accordance with the e-mails, in the amounts of $500,000 each. He further testified that he believed that he had authority to settle Plaintiffs' claims; that he had authorized Judge Skelly to communicate the County's $975,000 settlement offer to Plaintiffs' counsel; that he was aware that Judge Skelly in fact communicated the offer; that he understood the "further approvals" sentence in Skelly's e-mail to Plaintiffs' counsel to refer only to possible compliance with Ariz. Rev. Stat. § 11-626;[1] and that he believed that a binding settlement was entered into, subject only to the "further approvals" sentence. Plaintiffs' counsel testified that he, too, believed that the "further approvals" sentence referred only to compliance with § 11-626. The County then explicitly took the position "for the record, on

---

[1] Ariz. Rev. Stat. § 11-626 states: "A claim against the county presented by a member of the board of supervisors shall be verified as other claims, and shall bear the written approval of at least one member of the board other than the claimant, and of the county treasurer."

behalf of Maricopa County . . . that [§ 11-626] does not apply."

At the close of the hearing, the district court found Smith had the authority to settle Plaintiffs' claims without further action: it discredited the two affidavits to the contrary submitted by the County and, instead, found Smith's testimony "credible in every respect." The district court also found that the "further approvals" sentence referred only to compliance with § 11-626, but that no further approvals were necessary, because of the County's concession that § 11-626 did not apply. It therefore granted Plaintiffs' motion to enforce the settlement agreement. *See Donahoe v. Arpaio*, 872 F. Supp. 2d 900 (D. Ariz. 2012).

The County now appeals. It contends that Smith's testimony and the April 9 e-mails were privileged under Arizona's mediation privilege, and thus inadmissible in the district court. The County further contends that, even if this evidence was admissible, the district court abused its discretion in enforcing the settlement agreement.

## II.

The district court had subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

## III.

"We review de novo the ruling of a district court on the scope of a privilege." *United States v. Chase*, 340 F.3d 978, 981 (9th Cir. 2003) (en banc). "We also review de novo the

question of when state law applies to proceedings in federal court." *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007).

"We review a district court's decision regarding the enforceability of a settlement agreement for an abuse of discretion." *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994). We will reverse only if the district court based its decision "'on an error of law or clearly erroneous findings of fact.'" *Id.* (quoting *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990)). Under Arizona law, a district court's interpretation of an ambiguous agreement is a finding of fact, *see Leo Eisenberg & Co. v. Payson*, 785 P.2d 49, 51–52 (Ariz. 1989), as is its determination that a disputed agency relationship exists, *see Salvation Army v. Bryson*, 273 P.3d 656, 663 (Ariz. Ct. App. 2012). We review such findings of fact for clear error. *See Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1130 (9th Cir. 2006) (en banc).

## IV.

The parties rightly agree that state contract law governs whether they reached an enforceable agreement settling the federal and state law claims alleged in Plaintiffs' complaint. *See Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993) (recognizing that "a settlement agreement is governed by principles of state contract law . . . even where a federal cause of action is 'settled'"). They dispute, however, whether state or federal privilege law governs the admissibility of evidence in support of that determination. The County contends that state privilege law governs because state contract law determines whether the parties reached an enforceable settlement agreement. Plaintiffs contend that federal privilege law governs because any settlement

agreement concerns both Plaintiffs' federal and state law claims.

Under Federal Rule of Evidence 501, federal common law generally governs claims of privilege. "But in a civil case, state law governs privilege *regarding a claim or defense* for which state law supplies the rule of decision." Fed. R. Evid. 501 (emphasis added). Here, as noted, Plaintiffs allege both federal and state law claims in their complaint. The contested evidence (Smith's testimony and the April 9 e-mails) concerns all of these claims for relief – federal and state law claims alike. Where, as here, the same evidence relates to both federal and state law claims, "we are not bound by Arizona law" on privilege.**[2]** *Agster v. Maricopa Cnty.*, 422

---

**[2]** Even if Arizona privilege law applied to the evidence at issue here – which it does not – we agree with the district court's conclusion (although on a different basis) that the contested evidence would still be admissible. *See Donahoe*, 872 F. Supp. 2d at 909–11 (analyzing issue under state law).

Arizona's mediation privilege statute, Ariz. Rev. Stat. § 12-2238, protects "[c]ommunications made . . . during a mediation." The statute specifically provides, however, that the privilege does not apply to "the terms of an agreement that is evidenced by a record that is signed by the parties." Ariz. Rev. Stat. § 12-2238(D).

The statute's exception fits this case exactly. Here, Judge Skelly e-mailed Plaintiffs' counsel on behalf of the County, as authorized by Smith, offering to settle, and Plaintiffs' counsel e-mailed back accepting the offer. These e-mails constituted facial evidence of "an agreement that is evidenced by a record that is signed by the parties." *Id.* Upon receipt of this evidence, the district court had an obligation to consider all relevant evidence to determine whether the parties reached an agreement within the meaning of § 12-2238(D). *See Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1139–41 (Ariz. 1993); *Firchau v. Barringer Crater Co.*, 344 P.2d 486, 490 (Ariz. 1959) (determining "whether there had been a

F.3d 836, 839 (9th Cir. 2005). Rather, federal privilege law governs.**[3]** *Id.*; *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.10 (9th Cir. 1992) (per curiam); *see Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1041, 1038 (9th Cir. 2011) (applying state contract law to determine whether in mediation the parties reached an enforceable settlement of plaintiffs' federal and state law claims, but applying federal privilege law to determine what evidence from mediation was admissible in support of that determination).

We further conclude that the County waived any argument that the contested evidence should be privileged under federal law. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 n.1 (9th Cir. 2007). Before the district court, the County specifically distinguished its position from cases in which a party urged the court to recognize a federal mediation privilege, and disavowed any intent to urge the same. In its opening brief on appeal, the County again assumed that Arizona privilege law governed, and failed to argue that the evidence admitted should be privileged under federal law.

---

meeting of the minds" based "on all of the evidence submitted"); *see also Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, . . . the district court abuse[s] its discretion by not conducting an evidentiary hearing.").

Thus, both the e-mails themselves (as facial evidence of an agreement under § 12-2238(D)) and Smith's testimony (as evidence of whether a § 12-2238(D) agreement was in fact reached) fall clearly within the exception from the mediation privilege under § 12-2238(D).

**[3]** We do not decide whether, in federal question cases, state or federal privilege law governs the admissibility of evidence that relates exclusively to state law claims.

We thus need not determine whether a mediation privilege should be recognized under federal common law and, if so, the scope of such a privilege. *See id.* (finding no need to "consider whether a federal mediation privilege exists").

The district court did not err in admitting and considering the allegedly privileged documents and testimony.

## V.

A district court "may enforce only *complete* settlement agreements." *Callie*, 829 F.2d at 890. The County argues that even when Smith's testimony and the April 9 e-mails are considered, the district court abused its discretion in enforcing an incomplete settlement agreement, and clearly erred in finding that the parties had a meeting of the minds and that Smith had the authority to settle Plaintiffs' claims through Judge Skelly. We disagree.

The district court did not clearly err in finding that the County authorized Smith to settle Plaintiffs' claims. The district court's finding was based on the text and purposes of the resolution, Smith's testimony, and the County's reliance on Smith to settle other claimants' claims with essentially identical e-mails. Likewise, the district court's finding that Smith authorized Judge Skelly to convey the County's settlement offer to Plaintiffs' counsel was based on Smith's testimony, Judge Skelly's actions, and the County's course of performance. The district court's finding was far from clearly erroneous.

Nor did the district court clearly err in finding that the parties intended the "further approvals" sentence to refer only to compliance with Ariz. Rev. Stat. § 11-626. Smith testified

that he understood the "further approvals" sentence to refer only to possible compliance with § 11-626, and the district court found Smith's testimony "credible in every respect." Plaintiffs' counsel testified that he, too, understood the "further approvals" sentence to refer only to § 11-626. There was thus ample support for the district court's finding that the parties understood the "further approvals" sentence (the only sentence that differentiated Skelly's e-mail to Plaintiffs' counsel from his e-mails to other claimants' counsel) to refer only to § 11-626.

Having made these findings of fact, which are amply supported by the record, the district court did not err in concluding that compliance with § 11-626 was unnecessary because the County conceded that § 11-626 did not apply. The district court did not abuse its discretion in enforcing the settlement agreement.

· · ● · ·

For the reasons set forth above, the judgment of the district court is

**AFFIRMED.**