**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION,

SONY ELECTRONICS, INC.; SONY COMPUTER ENTERTAINMENT AMERICA, LLC,
        *Plaintiffs-Appellants*,

v.

HANNSTAR DISPLAY CORPORATION,
        *Defendant-Appellee*.

No. 14-15916

D.C. Nos.
3:12-cv-02214-SI
3:07-md-10827-SI

OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted August 8, 2016
San Francisco, California

Filed September 1, 2016

Before:  J. Clifford Wallace and Susan P. Graber, Circuit
Judges, and Barbara M. G. Lynn,[*] Chief District Judge.

Opinion by Judge Graber
Dissent by Chief Judge Lynn

---

## SUMMARY[**]

---

### Law of Privilege

The panel reversed the district court's order denying
plaintiff's motion for summary judgment in plaintiff's action
to enforce a settlement agreement, and remanded.

The parties engaged a mediator to resolve a price-fixing
dispute, and the mediator proposed settlement in an email
exchange.  Both parties accepted by email, but defendant
refused to comply and plaintiff sued to enforce the settlement
agreement.  The district court denied plaintiff's motion for
summary judgment, holding that the California Evidence
Code's mediation privilege barred introduction of settlement
emails.  The parties stipulated to a final judgment.

The panel held that because, at the time the parties
engaged in mediation, their negotiations concerned (and the
mediated agreement settled) both federal and state law

---

[*] The Honorable Barbara M. G. Lynn, United States Chief District Judge
for the Northern District of Texas, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

claims, the federal law of privilege applied.  The panel therefore concluded that the district court erred in applying California privilege law to resolve the dispute.

Dissenting, Chief District Judge Lynn would hold that the district court correctly determined that state privilege law governed and that California Evidence Code § 1123(b) precluded admission of the email exchange and the resulting settlement contract.

## COUNSEL

Stephen V. Bomse (argued), David M. Goldstein, and Shannon C. Leong, Orrick Herrington & Sutcliffe LLP, San Francisco, California; Brian D. Ginsburg, Orrick Herrington Sutcliffe LLP, New York, New York; for Plaintiffs-Appellants.

Harrison J. Frahn IV (argued) and James G. Kriessman, Simpson Thacher & Bartlett LLP, Palo Alto, California, for Defendant-Appellee.

## OPINION

GRABER, Circuit Judge:

Plaintiffs Sony Electronics, Inc., and Sony Computer Entertainment America, LLC (collectively "Sony"), and Defendant HannStar Display Corporation engaged a mediator to resolve a price-fixing dispute.  The mediator proposed settlement in an email exchange.  Both parties accepted by email.  But HannStar refused to comply, and Sony sued to

enforce the agreement. The district court denied Sony's motion for summary judgment, holding that the California Evidence Code's mediation privilege bars introduction of the settlement emails. The parties stipulated to a final judgment, and this appeal followed. We review de novo, *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002), and reverse and remand. We hold that federal, rather than California, privilege law applies.

This case stems from a major price-fixing scheme and long-running litigation. *E.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 637 F. App'x 981 (9th Cir. 2016) (unpublished) (consolidating appeals of price-fixing suits). HannStar Display Corporation is a Taiwanese company in the business of manufacturing and selling LCD panels and products. Sony is an electronics company, offering a broad range of consumer electronic products throughout the United States and elsewhere. In 2010, HannStar entered into a plea agreement in which it admitted that, for more than four years, it participated in a conspiracy to fix the prices of LCDs sold in the United States and elsewhere. Sony purchased many price-fixed HannStar products and contemplated bringing its own suit against HannStar for antitrust damages.

In December 2010, Sony entered into a tolling agreement with HannStar and began investigating the damage that the price-fixing cartel had caused it. Sony and HannStar agreed to mediate their dispute. They turned to Professor Eric Green for mediation assistance. Both HannStar and Sony authorized counsel to make an agreement. At first, Professor Green was unable to secure an agreement between the parties. Sony informed HannStar and Professor Green that it would file a complaint against HannStar on March 28, 2012, if the parties could not reach an agreement before that date.

On March 25, 2012, Professor Green sent an email to counsel for both HannStar and Sony. His email stated that he had been authorized to make a Mediator's Proposal. He proposed that the matter be settled for "$4.1 million, to be paid on March 30, 2012, subject to the execution of an appropriate Settlement Agreement, MOU, or Agreement in Principle." Professor Green also wrote:

> I ask that each of you inform me privately and confidentially by close of business (5:00 pm PDT) Tuesday, March 27, 2012 whether you "ACCEPT" or "REJECT" the Mediator's Proposal. These double-blind responses will be kept confidential by me so that if one side accepts the Mediator's Proposal but the other side does not, the side not accepting the Mediator's Proposal will never know what the other side responded. This protects both the parties from being leveraged. Of course, if both sides accept the Mediator's Proposal, I will inform you immediately that the matter is settled.

The next day Professor Green wrote to both parties: "I would like to remind you that it is in the nature of a Mediator's Proposal that your response can only be 'ACCEPT' or 'REJECT.' No negotiation is permitted." Both counsel responded "Understood."

On March 27, counsel for HannStar wrote to Professor Green:

> Pursuant to your emails of March 25th and 26th, HannStar authorizes acceptance by

> HannStar of the Mediator's Proposal for settlement as set forth in your March 25th email to Sony counsel and me. If the proposal is accepted by Sony, would also appreciate a brief call with you about a couple of logistical matters arising out of the enunciated proposal.

That same day, counsel for Sony wrote to Professor Green: "Thanks much for your efforts. Sony accepts." After Sony accepted, Professor Green wrote to both parties:

> I am pleased to be able to inform you that I have received written confirmation from each of you that both Sony and HannStar have accepted the Mediator's Proposal pursuant to my email of March 25. This case is now settled subject to agreement on terms and conditions in a written settlement document.

Sony refrained from filing suit against HannStar in March 2010, though it sued several other participants in the price-fixing scheme. But HannStar refused to abide by the mediated settlement agreement and informed counsel for Sony that it did not intend to pay the settlement amount contained in the Mediator's Proposal. Sony filed this action. It alleged federal and state antitrust claims and breach of contract for HannStar's alleged reneging on the settlement agreement.

After concluding its antitrust cases against other defendants, Sony dismissed its antitrust claims against HannStar. It continued to litigate its state-law breach of contract claim for HannStar's failure to abide by the settlement. HannStar filed a motion to dismiss for lack of

federal jurisdiction.  The district court denied the motion; federal diversity jurisdiction allowed the case to remain in federal court.  Sony moved for summary judgment on its contract claim.  The district court denied the motion because, it ruled, California Evidence Code section 1123(b) precluded admission of the email exchange (and the resulting contract) without some express statement to the effect that the settlement was intended to be enforceable or binding.  A final judgment, and this appeal, followed.

Pursuant to Federal Rule of Evidence 501, federal common law generally governs claims of privilege.  "Where there are federal question claims and pendent state law claims present, the federal law of privilege applies."  *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005).  "But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 501.  In *Wilcox v. Arpaio*, 753 F.3d 872 (9th Cir. 2014), we clarified the meaning of this rule for a state suit to enforce a settlement of both federal and state claims.

In *Wilcox*, Mary and Earl Wilcox had filed an action against Maricopa County and several of its officials.  *Id.* at 874.  The plaintiffs filed both federal claims, under § 1983, and supplemental state claims.  *Id.*  They asserted that their claims had been settled through a county-established mediation program.  *Id.*  The plaintiffs attempted to enforce their settlement and, in support of their motion, submitted an email from the county mediator stating that the claim had been settled.  *Id.* at 874.  The county argued that the emails from the county mediator were inadmissible under Arizona privilege law.  *Id.* at 875.  The plaintiffs claimed that federal privilege law applied.  *Id.*

We agreed with the plaintiffs. Although state contract law governed whether the parties had reached a settlement, the underlying action that was allegedly settled contained both federal and state claims. *Id.* at 876. We held that "federal common law generally governs claims of privilege." *Id.* at 876. Because the evidence in *Wilcox* related to a federal as well as a state claim—the plaintiffs had sued under both federal and state law—federal law applied. *Id.* "Where, as here, the same evidence relates to both federal and state law claims, we are not bound by Arizona law on privilege. Rather, federal privilege law governs." *Id.* (internal quotation marks omitted).[1]

Here, as in *Wilcox*, Sony initially filed suit under both state and federal law. The settlement negotiations concerned both issues; the evidence that Sony seeks to admit "relates" to both federal and state law claims. At the time of mediation, both parties would have expected to litigate both federal and state law issues. Counsel for HannStar conceded—as the later-filed complaint confirmed—that the settlement negotiations related to all claims, both federal and state.

Unlike in *Wilcox*, Sony ultimately dismissed the federal law claims, and the action ultimately proceeded under the court's diversity jurisdiction. But the eventual dismissal of federal claims does not govern whether the evidence related to federal law. Because, here, at the time the parties engaged in mediation, their negotiations concerned (and the mediated settlement settled) both federal and state law claims, the

---

[1] *Wilcox* was published approximately two months after the district court entered judgment and thus the district judge did not have the benefit of *Wilcox* when she denied Sony's summary judgment motion.

federal law of privilege applies. Accordingly, the district court erred in applying California privilege law to resolve this dispute.

**REVERSED and REMANDED**.

---

LYNN, Chief District Judge, dissenting:

I respectfully dissent.

The question of whether to apply this Court's holding in *Wilcox v. Arpaio*, 753 F.3d 872 (9th Cir. 2014), should be analyzed against the backdrop of the claims pending in a lawsuit when the admission of the evidence is sought. In this case, only state law claims remained at the time Sony sought to admit evidence of the email exchange, in support of its motion for summary judgment. Because at that time the action no longer involved any federal issue, the evidence could not relate to a federal claim.

The district court thus correctly determined that state privilege law governed and that California Evidence Code § 1123(b) precluded admission of the email exchange, and the resulting settlement contract. *Fair v. Bakhtiari*, 147 P.3d 653 (Cal. 2006). For these reasons, I dissent.