NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  WALGREEN CO. WAGE AND HOUR LITIGATION, _____ DOLORES ZAMORA, Class member, Plaintiff in state court proceeding, Appellant, v. WALGREEN CO., Defendant-Appellee. | No.    17-56049 D.C. No. 2:11-cv-07664-PSG-FFM MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 5, 2018
Pasadena, California

Before:  TASHIMA, WARDLAW, and PAEZ, Circuit Judges.

Dolores Zamora appeals the district court's order granting Walgreen Co.'s

(Walgreens) motion to enforce a prior wage and hour class action settlement and to

enjoin her California state court action, which asserts a Private Attorneys General

_____

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Act, Cal. Lab. Code §§ 2698–2699.5, (PAGA) representative claim for failure to provide suitable seating under California Wage Order 7, Cal. Code Regs. tit. 8, § 11070. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to enforce a settlement agreement for abuse of discretion, and will reverse "only if the district court based its decision on an error of law or clearly erroneous findings of fact." *Wilcox v. Arpaio*, 753 F.3d 872, 875 (9th Cir. 2014) (internal quotation marks and citation omitted). We reverse and vacate the injunction.

1.    The district court erred by concluding that the wage and hour settlement release barred Zamora's state court action. Though the release is broadly written, it is enforceable only as to subsequent claims "based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (citation omitted); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748–49 (9th Cir. 2006). The release's language encompasses Zamora's state court action because it released any PAGA claim and included a covenant not to participate in a PAGA action. But the release is not enforceable as to Zamora's state court action because the two actions do not share an identical factual predicate. The wage and hour litigation concerned Walgreens's provision of meal and rest periods, payment of wages and overtime compensation, provision of accurate wage statements, and

reimbursement of business expenses. That litigation omitted any allegations regarding Walgreens's failure to provide its cashiers with suitable seating. That both actions use the same legal mechanisms to assert claims—California Labor Code § 1198 and PAGA—says nothing about the factual predicate for each case. *See Hesse*, 598 F.3d at 591 ("[A] superficial similarity between the two class actions is insufficient to justify the release of the later claims by the settlement of the former.").[1]

2.    Nor does the district court's injunction fall within the relitigation exception to the Anti-Injunction Act. 28 U.S.C. § 2283; *see Sandpiper Vill. Condo. Ass'n, Inc. v. La.-Pac. Corp.*, 428 F.3d 831, 847–48 (9th Cir. 2005). An injunction may issue under the relitigation exception "if res judicata would bar the state court proceedings." *Blalock Eddy Ranch v. MCI Telecomms. Corp.*, 982 F.2d 371, 375 (9th Cir. 1992) (citation omitted). Here, res judicata does not apply because the two actions do not "involve the same claim or cause of action." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).[2] The two actions do not arise from the same transactional nucleus of facts, involve the purported infringement of the same right, or require substantially the same

---

[1]    Because we conclude that the wage and hour settlement release does not bar Zamora's state court action, it is unnecessary to address Zamora's alternative argument that the release is an unenforceable pre-dispute waiver of PAGA rights under *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348 (2014).

[2]    The district court did not reach this issue.

3

evidence, as each action concerns factually distinct violations of the different Wage Order provisions. *See id.* at 988 (noting that this court has "often held the common nucleus criterion to be outcome determinative" as to whether two actions involve the same claim or cause of action); *see also Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148 (1988) ("[A]n essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court.").[3]

Zamora shall recover her costs of appeal from Walgreens.

**REVERSED; INJUNCTION VACATED**.

---

[3]     Because we vacate the district court's injunction, we need not address whether the district court erred in denying Zamora's request to substitute a different PAGA representative into her state court action.