**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION, _____ JAMES BEN FEINMAN, Plaintiff-Appellant, v. VOLKSWAGEN GROUP OF AMERICA, INC., Defendant-Appellee. | No. 19-16074 D.C. No. 3:15-md-02672-CRB MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted August 11, 2020[**]
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

James B. Feinman appeals the district court's order granting Volkswagen

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Group of America, Inc. ("Volkswagen")'s motion to enforce a class settlement approval order. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm. Because the parties are familiar with the facts and procedural history, we recite them only as necessary to resolve the issues on appeal.

We review the district court's order enforcing the class settlement and final approval order for an abuse of discretion. *See Wilcox v. Arpaio*, 753 F.3d 872, 875 (9th Cir. 2014); *California Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008).

1.    Feinman's statutory lien claim under Virginia law was a released claim under the settlement agreement. We approved the settlement two years ago, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig. ("Volkswagen I")*, 895 F.3d 597, 619 (9th Cir. 2018), and subsequently held that Volkswagen did not agree to compensate non-class counsel such as Feinman under the settlement agreement, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig. ("Volkswagen II")*, 914 F.3d 623, 646 (9th Cir. 2019). Feinman's argument that the settlement did not release his statutory lien claim is contrary to our ruling in *Volkswagen II* and the plain text of the release provision in the agreement, which explicitly releases "any claims for . . . liens, . . . attorneys' . . . or other litigation fees . . . ." Similarly, Feinman's arguments that he is not a member of the class and that his clients had no authority to release his

2

statutory claim are nothing more than a belated objection to the settlement. *See Slaven* v. *Am. Trading Transp. Co.*, 146 F.3d 1066, 1069 (9th Cir. 1998) (holding that failure "to raise an objection to an issue before judgment" amounts to waiver (citing *Gen. Signal Corp.* v. *MCI Telecomms. Corp.*, 66 F.3d 1500, 1507 (9th Cir. 1995))).

2. Feinman's claim that the district court's injunction does not comply with the Anti-Injunction Act, 28 U.S.C. § 2283, is without merit and misapprehends the order under review on appeal. Volkswagen moved to enforce the district court's order granting final approval of the settlement—a *prior* order that enjoined class members and persons acting on their behalf from pursuing any claims released under the settlement agreement against Volkswagen. Again, we upheld that underlying final approval order two years ago in *Volkswagen I*, 895 F.3d at 619, and the district court explicitly retained jurisdiction to enforce the settlement and order. Feinman's challenge to the validity of an order already affirmed on appeal has no merit, and the district court properly enforced its prior order and injunction. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998) ("Although comity requires federal courts to exercise extreme caution in interfering with state litigation, federal courts have the power to do so when their jurisdiction is threatened"), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th

3

Cir. 1996) (concluding that district court had subject matter jurisdiction to enforce the agreement where it "explicitly reserve[d] 'continuing and exclusive jurisdiction' to enforce the settlement").

3.     Feinman's remaining arguments, including his claim that the settlement voids Virginia's public policy and violates the Supremacy Clause and the Full Faith and Credit Clause of the United States Constitution, are unsupported and also amount to belated attempts to collaterally attack the settlement and final approval order. As the district court noted, Volkswagen has disbursed the settlement funds to class members, and Feinman remains free to collect his fees from his clients.

**AFFIRMED**.