**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PORTLAND MARCHE, LLC, a California limited liability company; CERES RICHLAND, LLC, a California limited liability company,

Plaintiffs - Appellants,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE), a federally chartered corporation also known as Fannie Mae,

Defendant - Appellee.

No. 24-141

D.C. No.
3:21-cv-00569-IM

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted April 2, 2025
Portland, Oregon

Before: BYBEE, LEE, and FORREST, Circuit Judges.
Dissent by Judge BYBEE.

Plaintiffs-Appellants Portland Marche, LLC and Ceres Richland, LLC

(collectively, Portland Marche) appeal the district court's judgment enforcing their

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

settlement with Defendant-Appellee Federal National Mortgage Association (FNMA). We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's enforcement of a settlement agreement for abuse of discretion. *Wilcox v. Arpaio*, 753 F.3d 872, 875 (9th Cir. 2014). An abuse of discretion occurs if the lower court bases its decision "on an error of law or clearly erroneous findings of fact." *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994) (internal quotations and citations omitted). We agree that the parties' settlement is enforceable but disagree with the remedy imposed by the district court.

Portland Marche argues that the parties' settlement based on its August 17 proposal is an unenforceable "agreement-to-agree" because (1) the proposal is missing material terms and (2) the parties' agreement was conditioned on approval of final settlement documents. We address each argument in turn.

1. ***Omission of Material Terms.*** At the outset, FNMA argues that Portland Marche forfeited any argument that the August 17 proposal lacked material financial terms because Portland Marche failed to raise this issue to the district court. We generally do not "entertain[] arguments on appeal that were not presented or developed before the district court." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (internal quotations and citations omitted). "Although no bright line rule exists to determine whether a matter has been properly raised below, an issue will generally be deemed waived on appeal if the argument was not

raised sufficiently for the trial court to rule on it." *Id.*

Here, FNMA drafted formal settlement documents after agreeing to Portland Marche's August 17 proposal, which Portland Marche reviewed and commented on concerning the lack of financial details and some structural issues. FNMA revised the documents to address Portland Marche's concerns, but Portland Marche refused to accept the revised documents or to continue negotiations. The only specific provisions that Portland Marche identified as objectionable were the addition of a third party to the Reinstatement Agreement and a confidentiality provision, both of which FNMA agreed to remove. In opposing FNMA's eventual motion to enforce the parties' settlement, Portland Marche argued only that there was no final and enforceable settlement because the parties made their agreement contingent on formal documentation.

At the hearing on FNMA's motion, the district court pressed Portland Marche to identify the terms in the revised settlement documents to which it objected. Again, the only terms that Portland Marche identified, beyond arguing generally that the drafts included "new terms," were the provisions that FNMA had previously agreed to remove. Portland Marche raised no objection to any other specific provision, including the financial terms. On this record, we conclude that Portland Marche forfeited the argument it now raises concerning missing material terms.

Even if we were to conclude that Portland Marche did not forfeit this

24-141

argument, we disagree that the August 17 terms are unenforceable as incomplete. "[T]he district court may enforce only *complete* settlement agreements." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted) (emphasis in original). Whether a settlement is "complete" is governed by the law of the forum state. *See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Under Oregon law, an agreement to make a contract "is not binding unless all the terms and conditions are agreed upon, and nothing is left to future negotiation." *Slayter v. Pasley*, 264 P.2d 444, 449 (Or. 1953). But the Oregon Court of Appeals has since instructed that "parties who agree on the *essential terms* of a contract may intend those terms to be binding and, at the same time, implicitly agree to *bargain in good faith* on the remaining terms. That fact does not prevent a court from enforcing the parties' agreement." *Hughes v. Misar*, 76 P.3d 111, 116 (Or. Ct. App. 2003) (emphasis added); *see also Dalton v. Robert Jahn Corp.*, 146 P.3d 399, 403 n.7 (Or. Ct. App. 2006) ("Although the parties might not have formally agreed to operate in good faith, the law implies in every agreement 'a promise of good faith to effectuate the reasonable expectations contemplated by the agreement.'") (citation omitted).

Here, the parties did agree on essential terms for reinstating Portland Marche's loan and clearly signaled they intended their agreement to be binding. And as the district court noted, Portland Marche refused to negotiate to complete the settlement documentation, and failed to "identify any material terms of the settlement

agreement yet to be agreed on." Under these circumstances, Portland Marche's refusal to cooperate with FNMA in working out the final documents does not render the parties' settlement unenforceable. *See Hughes*, 76 P.3d at 116.

**2.** ***Documentation Contingency.*** Portland Marche also argues that the parties' settlement based on its August 17 proposal is an unenforceable "agreement-to-agree" because the agreement was contingent on approval of final settlement documents. Whether a settlement is binding before final memorialization depends on whether the parties "intend the writing to be a condition precedent to the *taking effect* of the agreement." *Gen. Realty Corp. v. Douglas Lowell, Inc.*, 354 P.2d 306, 310 (Or. 1960) (emphasis added). Where a contract provision is ambiguous, the court "examine[s] extrinsic evidence of the contracting parties' intent." *Yogman v. Parrott*, 937 P.2d 1019, 1022 (Or. 1997) (en banc).

In making its August 17 settlement proposal, Portland Marche stated it was "willing to resolve this case" on its proposed terms. FNMA accepted Portland Marche's proposal without condition. And immediately thereafter the parties informed the court that they had "reached a complete and final settlement in princip[le]." To the extent Portland Marche's language was ambiguous regarding the parties' intent, the district court correctly relied on their notice to the court, its own 60-day order of dismissal, and the parties' cessation of trial preparation. Thus, we conclude that the district court did not err in concluding that final documentation

was not a condition precedent to the parties' settlement.

**3.** ***Remedy.*** Because Portland Marche (1) forfeited its argument that the parties' initial settlement terms were incomplete, (2) had ample opportunity to review and comment on the revised settlement documents and (3) FNMA agreed to remove the provisions Portland Marche identified as objectionable, we disagree that the parties must "continue negotiating in good faith on terms of the settlement agreement." On the record before us, the parties' settlement terms are reflected in the Second Draft Settlement and documents referenced therein, except as to those terms that Portland Marche objected to and FNMA agreed to remove. Portland Marche's refusal to continue negotiating the final documentation indicates that it had a change of heart about settling, not that it objected to the written terms beyond those that it identified. Because the record shows the parties intended to be bound by their initial agreement, Portland Marche was not entitled to walk away simply because it no longer wished to settle. Thus, enforcing the revised settlement documents with the agreed modifications is consistent with the parties' manifested intent. *See Dalton*, 146 P.3d at 406.

**AFFIRMED IN PART and REVERSED IN PART.**

24-141

FILED

MAY 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BYBEE, J., dissenting:

The district court concluded that Portland Marche's eight-bullet point settlement proposal left "no additional material terms [] to be negotiated." But Portland Marche's proposal does not indicate whether over $600,000 of its past payments would count against the principal that it owed to FNMA, as Portland Marche contemplates, or instead against protective advances and other non-principal obligations, as FNMA proposed. Nor does the proposal contain an "objective method agreed upon by which the parties can settle" how to account for those payments "as a matter of fact." *See Siegner v. Interstate Prod. Credit Ass'n of Spokane*, 820 P.2d 20, 29 (Or. Ct. App. 1991). How to credit Portland Marche's past payments is a material term that is missing from the proposal. Consequently, Portland Marche's proposal was too indefinite to form a contract.

I respectfully dissent.